UPDIKE GRAIN COMPANY, APPELLEE, V. ALBERT SWANSON, APPELLANT.

FILED NOVEMBER 15, 1919. No. 21191.

1. **Master and Servant:** WORKMEN'S COMPENSATION: INJURY: CONDITION AT TIME OF TRIAL. Under the employers' liability act, section 3662, Rev. St. 1913, as amended, Laws 1917, ch. 85, the inquiry respecting the extent of an injury to an employee should be directed to his condition at the time of the examination or trial.

2. ———: ———: AWARD: MODIFICATION. When an award of compensation has been made, under the employers' liability act, in favor of an injured employee, an application may be made to the court by either party, any time after six months from the date of the agreement or award, for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury. Rev. St. 1913, sec. 3683, as amended, Laws 1917, ch. 85, sec. 18.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Myers & Mecham*, for appellant.

*Gurley, Fitch, West & Hickman*, contra.

DEAN, J.

Albert Swanson, defendant, while in the employ of the Updike Grain Company, plaintiff, sustained a personal injury on July 12, 1918, by "a plank sized 2 x 12" falling on his left hand, "cutting and crushing it" as alleged. He is a millwright and carpenter, and when injured was earning $42 a week. As a result of the accident he is now totally disabled from working at his trade. Under the employers' liability act the company paid him $12 a week for 17 weeks and his doctor's bill. Subsequently, upon application made by the company to the compensation commissioner, an award was made of $12 a week for 13 additional weeks, or a total of 30 weeks. Swanson, being dissatisfied, appealed to the district court, where the award of the commissioner was affirmed. He has again appealed.

The court found that Swanson sustained "injuries to his third, fourth and fifth fingers of the left hand." The hand was shown to have been severely injured, and it seems clear to us that the injury was not confined alone to the fingers. The physicians for both parties testified in substance that "about 50 per cent." would represent "a fair percentage of loss" of the use of the hand in its present condition.

We think the court erred in holding that the injuries were confined to the fingers alone. The evidence discloses that in its present condition Swanson's hand presents a case "involving permanent partial loss of the use or function" of that member, and comes clearly within the provisions of section 3662, Rev. St. 1913, as amended, Laws 1917, ch. 85, sec. 7, which, so far as applicable provides: "(3) For all disability resulting from permanent injury of the following classes, the compensation shall be exclusively as follows: * * * For the loss of a hand, sixty-six and two-thirds per centum of daily wages during one hundred and fifty weeks. * * * In all cases involving a permanent partial loss of the use or function of any of the members

mentioned in subdivision 3 of section 3662, the compensation shall bear such relation to the amounts named in said subdivision 3 of section 3662 as the disabilities bear to those produced by the injuries named therein. * * * Compensation under this subdivision shall not be more than twelve dollars per week, nor less than six dollars per week.''

Respecting the present condition of Swanson's hand, and that is the time to which the inquiry should be directed, the evidence is clear and seems to show that, under the act, on the ground of ''permanent partial loss'' at the present time he is entitled to $12 a week for 75 weeks from the date of the injury. It may be noted, however, that under section 3683, Rev. St. 1913, as amended, Laws 1917, ch. 85, sec. 18, neither party is remediless in case of a change or an ''increase or decrease of incapacity'' in the condition of an injured employee, this section providing: ''The amount of any agreement or award payable periodically for more than six months may be modified as follows: * * * (b) If the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made to the court by either party on the ground of increase or decrease of incapacity due solely to the injury.''

The judgment is reversed for further proceedings consistent with the views expressed in this opinion.

REVERSED.

SEDGWICK, J., not sitting.