CHARLES P. RAPP, APPELLEE, V. DONALD HALE ET AL., APPELLANTS.

103 N. W. 2d 851

Filed June 24, 1960. No. 34770.

*Baylor, Evnen, Baylor & Urbom,* for appellants.

*Heaton & Heaton,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Charles P. Rapp, plaintiff and appellee, against Donald Hale and Preston Brimm, doing business as H. B. Construction Company, defendants and appellants, to recover workmen's compensation on account of an injury sustained by plaintiff on December 10, 1957, in the State of Nebraska, while he was an employee of the defendants.

The action was first tried before one of the judges of the workmen's compensation court. It was thereafter tried before the entire court where it was determined that plaintiff had an accident for which he was entitled to be paid for temporary total disability for 88 2/7 weeks or to August 20, 1959, at the rate of $34 a week, and for permanent partial disability of 15 percent for 211 5/7 weeks at the rate of $9.78 a week, against which the defendants were entitled to a credit of $34 a week for 29 weekly payments which had been made. The plaintiff was also awarded $1,066 for reimbursement of expenses.

From this award the plaintiff perfected an appeal to the district court. The district court tried the case on the record made in the workmen's compensation court. The award was reversed, and it was found that the plaintiff was totally and permanently disabled. In consequence of this a judgment was rendered awarding him $34 a week for 300 weeks and $27 a week thereafter for the remainder of his life. By the judgment he was also awarded $1,066 for expenses incurred. From this judgment the defendants have appealed.

The brief of appellants contains numerous assignments of error as grounds for reversal but to all of them specific reference is not required herein.

By one assignment of error the appellants urge that the Nebraska courts have no jurisdiction over the subject matter of the action. The ground of this is that, although the accident and injury came about in Nebraska, the courts of this state have no jurisdiction for the reason that plaintiff was employed in Colorado where the business of defendants was located.

The contention is without merit. Section 48-106, R. S. Supp., 1959, which is a part of the Workmen's Compensation Act as it appears after amendment effective February 28, 1957, as follows, makes this clear: "The provisions of this act shall apply to the State of Nebraska and every governmental agency created by it, and to every employer in this state, including nonresident employers performing work in the State of Nebraska, employing one or more employees, in the regular trade, business, profession, or vocation of such employer, except railroad companies engaged in interstate or foreign commerce."

The meaning of this provision is clear and definite and leaves no doubt that the Legislature intended that in such situations as this action could be maintained in this state. No cases have been cited which present an opposing viewpoint. Also, nothing has been presented the effect of which is to say that this provision was not

in the exercise of a proper legislative prerogative.

Further, in point of fact, the defendants recognized the work of plaintiff in Nebraska as employment contemplated by the Nebraska Workmen's Compensation Act. They had a policy of insurance on which they paid premiums for service in Nebraska on those days when the plaintiff worked in Nebraska, and a separate policy for work in Colorado.

The defendants urge that the district court should not have tried the case de novo but, on the contrary, should have considered it in the nature of an error proceeding.

Appeal from a judgment or award of the Nebraska Workmen's Compensation Court to the district court is provided by section 48-184, R. S. Supp., 1959. That section provides in part the following: "Provided, that a judgment, order, or award of the Nebraska Workmen's Compensation Court shall be set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the order or award was procured by fraud, (3) the findings of fact by the court are not supported by the record, or (4) the findings of fact by the court do not support the order or award."

This court said in Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N. W. 2d 212, in interpretation of this provision: "Where a retrial has been had before the full compensation court the appeal authorized to the district court is limited in scope and is primarily in the nature of an error proceeding."

This court however is required to consider an appeal from a judgment of the district court de novo, or in the words of section 48-185, R. S. Supp., 1959: "Any appeal from the judgment of the district court shall be prosecuted in accordance with the general laws of the state regulating appeals in actions at law." See, also, Solheim v. Hastings Housing Co., supra; Rahfeldt v. Swanson, 155 Neb. 482, 52 N. W. 2d 261.

A declared exception is that the hearing shall be de novo unless the findings of fact are conclusively sup-

ported by the evidence as disclosed by the record. Tucker v. Paxton & Gallagher Co., 153 Neb. 1, 43 N. W. 2d 522; Werner v. Nebraska Power Co., 149 Neb. 408, 31 N. W. 2d 315.

Under this general rule the assignment of error must be said to be without merit as is clear without discussion. Under the exception it must also be said that it is without merit since the findings of fact are not conclusively supported by the evidence. There is clearly a dispute in the evidence relating to material issues.

These cases make clear that the function of this court in this area is the same whether the hearing in the district court was conducted de novo or in the nature of an error proceeding.

The particulars as to lack of conclusiveness of the findings of fact will be made to appear clearly later herein.

The record of evidence on which this case comes to this court and on which it was heard in the district court was made at the hearing en banc before the workmen's compensation court. At that hearing Dr. Chris Bitner was a witness called on behalf of the plaintiff. By an assignment of error the defendants urge that opinion evidence of this witness was erroneously admitted. In the light of the record as it appears in the bill of exceptions the contention contains no merit.

The defendants point out in their brief that this witness testified that he had examined the plaintiff, had taken his history, had examined certain exhibits which were not in evidence, and had examined the testimony of two doctors contained in depositions which were not in evidence, and that on the basis of these things, he had an opinion as to the physical condition of plaintiff. He was asked to give his opinion. Objection was made on the ground that it was improper to give an opinion based in part on the exhibits and the depositions. The objection was sustained. He was then asked if he had such an opinion without basing it on the exhibits and depositions. He answered that he did and was permitted

to answer. The matter of which the defendants complain is therefore without basis in point of fact.

A similar objection is made to testimony of Dr. C. B. Dorwart. Examination of the record discloses that it requires no consideration other than to say that the answer must be the same as that made to the attack upon the testimony of the witness Bitner.

The next matter to be considered, which is the paramount issue in the case, is that of whether or not the plaintiff is entitled to a recovery in excess of the award and judgment of the workmen's compensation court. This involves an evaluation of the injuries sustained in the light of his training and abilities, and the surrounding circumstances. The claim that he sustained some injuries as an employee of the defendants is not questioned.

The record discloses that the plaintiff was born June 18, 1932. His schooling extended through 1 year of high school. He had no training which fitted him for anything except occupations involving as incidents manual labor, heavy lifting, and the exercise of strength. He had worked in a filling station; was in the Marine Corps where he had training in the operation of heavy equipment; had operated a wholesale route for delivery of dairy products, fruit, vegetables, and fish; and he had worked as a patrolman for the Sterling, Colorado, police department. He was 6 feet, 2 inches, tall and had an average weight of 168 pounds. In his employment by the defendants he first did manual labor requiring heavy lifting after which he became a heavy equipment operator. On the date of his injury he was engaged in the operation of a D6 caterpillar tractor which weighed approximately 22,000 pounds. The accident was caused by the tractor falling into a hole. As a result of the accident he received the injuries of which he complains. He was first attended by Dr. Chris Bitner at a hospital in Sidney, Nebraska. He was, on December 13, 1957, taken to Denver, Colorado, where

he was attended by Dr. John T. Jacobs almost daily until June 1958. During that time he was in a hospital at one time for 6 or 8 days, at another about 4 days, at another about 5 days, and at still another about 12 days. He returned from home to Denver to see the doctor in July and August 1958. He was discharged by the doctor in August 1958. He returned for examination by Dr. Jacobs next on May 28, 1959, and for examination by Dr. John E. Gardell on August 18, 1959.

As to his condition the plaintiff testified, to the extent necessary to state here, that since he was injured he has continually suffered pain, has been unable to engage in any kind of full employment in which he had worked or for which he was trained, and was without ability to engage in any kind of heavy manual activity.

Dr. Bitner testified on the basis of his examination and the history he received that in his opinion the plaintiff would never be able to return to the heavy manual labor and that nothing could be done which would permit him to return to the operation of heavy equipment.

Dr. Dorwart testified that in his opinion the plaintiff was totally disabled for operation of heavy equipment such as caterpillars or tractors and for manual labor requiring bending or heavy lifting.

Dr. John E. Gardell testified by deposition, which was taken on August 20, 1959. The trial of this case started before the workmen's compensation court on August 26, 1959. He testified that he examined the plaintiff on May 28, 1959, and on August 18, 1959. He made a thorough examination which he described and took a history. He gave it as his opinion that plaintiff's disability in relation to his occupations was 15 percent of the body as a whole. As to the subject of ability to perform the work in plaintiff's fields of training he said: "Well, I believe there are many parts of all those jobs that he could do at the moment, and later I don't have any doubt in my mind that he could get back to most

of it with the exception of the heavy equipment operation probably." Later a question was asked and an answer returned. The question in part and answer are: "* * * do you believe that this man is capable of doing manual labor that requires heavy back bending? A. Not now but ultimately."

Dr. John T. Jacobs also testified by deposition which was taken on May 28, 1959. The plaintiff was a patient of this doctor while he was under treatment in Denver, Colorado. His testimony was based on examination, observation, treatment, and history. He testified that in his opinion the plaintiff had reached his maximum improvement in August 1958, and that his condition was worse at a later date when he examined him, which was probably May 28, 1959, than in August 1958. He gave it as his opinion that the permanent disability of the plaintiff was 15 percent and might eventually be only 10 percent.

In response to specific questions he did not recommend that plaintiff return to the operation of heavy equipment or any other work that would necessitate heavy back bending. He was asked the following question: "Q In other words, his disability resulting from this injury of December 10, 1957, is such that you do not see in the foreseeable future that he would be able to do heavy manual labor?" He answered: "Well, he might be able to but the probability is against it and at least we say it isn't desirable."

As is made clear the plaintiff claims total permanent disability and the defendants contend that his permanent disability does not exceed 15 percent. Basic in a determination are certain legal principles defining total disability which are stated as follows in Elliott v. Gooch Feed Mill Co., 147 Neb. 309, 23 N. W. 2d 262:

"For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature,

that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do.

"A workman who, solely because of his injury, is unable to perform or to obtain any substantial amount of labor, either in his particular line of work, or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of the workmen's compensation law."

These principles have been consistently adhered to. See, Anderson v. Cowger, 158 Neb. 772, 65 N. W. 2d 51; Haler v. Gering Bean Co., 163 Neb. 748, 81 N. W. 2d 152; Miller v. Peterson, 165 Neb. 344, 85 N. W. 2d 700; Crable v. Great Western Sugar Co., 166 Neb. 795, 90 N. W. 2d 805; Pavel v. Hughes Brothers, Inc., 167 Neb. 727, 94 N. W. 2d 492; Tilghman v. Mills, 169 Neb. 665, 100 N. W. 2d 739.

In Miller v. Peterson, *supra,* the following observations were made: "Disability under section 48-121, R. S. Supp., 1953, subdivisions (1) and (2), is defined by our statute in terms of employability and earning capacity rather than in terms of loss of bodily function.

"In defining total disability, losses in bodily function are not important in themselves but are only important insofar as they relate to earning capacity and the loss thereof." See, also, Pavel v. Hughes Brothers, Inc., *supra.* The statute referred to in these cases is not different in this respect from what is now referred to appropriately as section 48-121, R. S. Supp., 1959.

As pointed out the district court reversed the judgment of the workmen's compensation court, found that plaintiff was totally and permanently disabled, and rendered judgment accordingly.

Was the plaintiff, under the evidence and within the meaning of these stated principles, totally disabled? The answer must be in the affirmative.

The evidence on behalf of the plaintiff that he was totally disabled on account of his injuries from per-

forming the functions in the areas of his training and in the performance of the work for which he was fitted stands without real refutation. It is true that there is competent evidence that he was able to perform incidents of some of the kinds of employment for which he was fitted and in which he had been engaged, but none that he was able to perform other important and necessary incidents of such employment.

It is further true that there is opinion evidence that by exercise and self-training the plaintiff probably could restore his ability to perform the work of the occupations in which he previously worked, but none that he was able so to do without described necessary rehabilitation processes.

In the light of this the conclusion is inevitable that within the meaning of the Workmen's Compensation Act the plaintiff, at the time of the trial and at all times prior thereto back to the date of the accident, was totally and permanently disabled. The district court correctly so found.

As an observation, if in the future he shall become rehabilitated and thus after some point be no longer entitled to the benefits of an award or judgment on this basis, the defendants will not find themselves without a remedy. That remedy is provided by section 48-141, R. R. S. 1943. See, also, Updike Grain Co. v. Swanson, 103 Neb. 872, 174 N. W. 862; Peek v. Ayers Auto Supply, 157 Neb. 363, 59 N. W. 2d 564, 160 Neb. 658, 71 N. W. 2d 204; Chadd v. Western Cas. & Sur. Co., 166 Neb. 483, 89 N. W. 2d 586; Pavel v. Hughes Brothers, Inc., *supra.*

The defendants complain that the court erred in allowing the plaintiff expenses in connection with travel to and from Denver, Colorado, and Sidney, Nebraska, related to his treatment at the hospital in Denver and by the doctor or doctors in attendance. These expenses were for four trips at $35 each; room away from Sidney,

$310; and board expense or meals away from Sidney, $616; or a total of $1,066.

The objection made to the evidence supporting the claim for these expenses was that it was irrelevant and immaterial; that no proper and sufficient foundation had been laid; and that it was not the best evidence. The evidence was based on the plaintiff's own personal knowledge and on his computation, and it was shown sufficiently that it was made necessary in the course of the treatment of the plaintiff on account of his injuries. These were items of expense properly chargeable to the defendants. See, Newberry v. Youngs, 163 Neb. 397, 80 N. W. 2d 165; Pittenger v. Safeway Stores, Inc., 166 Neb. 858, 91 N. W. 2d 31.

The record discloses that the defendants paid to plaintiff on account of temporary total disability $34 a week for 29 weeks. The court made such a finding but obviously by oversight failed by its judgment to give credit for the amount. The defendants are entitled to receive this credit.

In the light of the observations reached herein the conclusion reached is that the judgment of the district court should be and it is affirmed, subject however to a credit thereon for the amount which has been paid for temporary total disability.

The plaintiff is allowed a fee of $600 as compensation for the services of his attorneys.

AFFIRMED.