DELBERT R. GIFFORD, APPELLEE, v. AG LIME, SAND AND GRAVEL COMPANY, A CORPORATION, ET AL., APPELLANTS.
187 N. W. 2d 285

Filed May 28, 1971. No. 37819.

Leamer & Galvin and Wetz & Cosgrove, for appellants.

Ryan & Scoville and P. F. Verzani, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The plaintiff recovered a workmen's compensation award in the one-judge workmen's compensation court. The defendants appealed directly to the district court. The district court on trial de novo found in favor of the plaintiff and entered judgment awarding workmen's compensation benefits.

The plaintiff, Delbert R. Gifford, was first employed by the defendant, Ag Lime, Sand and Gravel Company, in 1954. At the time of the injury here, he was employed as a mechanic and heavy equipment operator. On February 10, 1967, the plaintiff was repairing a piece of heavy equipment. He was alone in the defendant's workshop. His testimony was that he lifted a gear weighing between 90 and 100 pounds to place it in the final drive housing of the caterpillar unit. As he lifted the gear he felt a sharp pain in his back at about the belt line. He dropped the gear on the floor and sat down for about 30 minutes. The rest of the day he cleaned up and did light work, but he never completed the work of replacing the gear. When he went home after work, he lay down on the floor and did not eat anything that evening. His wife testified that he complained of his back that night and corroborated his testimony as to his conduct during the evening. He advised his employer of the injury sometime during the same week. He continued to work, but did only

light work thereafter and operated only rubber-tired equipment. The testimony of plaintiff and his wife as to all of the foregoing facts was not contradicted by any other witness.

The plaintiff did not seek medical attention during February and March of 1967, but testified that the pain in his back was getting worse and had started going down a leg. Sometime in April 1967, he went to see Dr. Carney, a chiropractor in Ponca, Nebraska. He saw him once or twice for his back. On April 20, 1967, he went to the Molstad Chiropractic Clinic in Sioux City, Iowa. He had seven or eight treatments to his back there. On May 8, 1967, he went to Dr. Faithe, an M.D. in Ponca, Nebraska. Dr. Faithe thought he had a disc problem and does not recall that he identified the back injury with any specific incident. She suggested that he see a specialist. On May 23, 1967, he went to Dr. Browne, a neurosurgeon in Omaha, Nebraska. The history given to Dr. Browne was that the onset was approximately six weeks before and had been gradual and progressive since. Dr. Browne made no inquiry as to any previous trauma and thought he possibly had a lumbar disc syndrome. He recommended that if his back did not improve in a week or two, the plaintiff should return. On June 16, 1967, plaintiff consulted Dr. Blume, a neurosurgeon in Sioux City, Iowa. The history given to Dr. Blume included the lifting incident on February 10, and also ruled out any previous back pain or injury. The history also included the consultation with Dr. Browne and his diagnosis and recommendation for treatment. Dr. Blume's initial diagnosis was a ruptured disc. Plaintiff was hospitalized for a myelogram on June 23rd, which confirmed the diagnosis. On July 2, 1967, Dr. Blume performed a partial laminectomy and the ruptured discs were removed. Dr. Blume testified that the injury to the plaintiff's lumbar spine was caused by the lifting accident of February 10, 1967. No doctor directly contradicted that opinion and both doctors who

testified on the issue were in agreement that the plaintiff had a permanent injury.

Defendant's challenge to the judgment rests on the contention that the evidence was insufficient and that the plaintiff's testimony was uncertain, inconsistent, contradictory, and differed from previous testimony. Concededly, the plaintiff's memory for detail was poor. We cannot say that his testimony was materially contradictory. Its acceptance rests on the credibility of the plaintiff as a witness. The fact that the plaintiff was alone at the time the injury occurred does not wipe out his own testimony nor the evidence of objective symptoms of injury. The requirement that objective symptoms of an injury be produced "at the time" of the accident is satisfied if the symptoms manifest themselves according to the natural course of such matters without any independent intervening cause being shown. The Workmen's Compensation Act does not require that the objective symptoms of an injury produced at the time of the accident be observed by others or that their existence be proved by independent testimony. Schoenrock v. School Dist. of Nebraska City, 179 Neb. 621, 139 N. W. 2d 547.

The vital issue here involves the nature and posture of appellate review in this court in a workmen's compensation case. Some history is appropriate. Since 1935, the workmen's compensation law of Nebraska has provided for an initial hearing before a single judge of the Nebraska Workmen's Compensation Court. An appeal from that judgment may be taken and rehearing had either to the Nebraska Workmen's Compensation Court sitting en banc or to the district court. In either case, the rehearing is de novo and a record is made. If the initial appeal from the one-judge compensation court hearing is taken to the workmen's compensation court en banc, an additional appeal may be taken from that court to the district court. That appeal is based on the record made in the workmen's compensation court and

no new evidence is taken in the district court. An appeal may be taken from the district court to this court, whichever route may have been followed previously.

In an appeal from the workmen's compensation court en banc to the district court, section 48-184, R. R. S. 1943, and its predecessor statutes have provided: "* * * that a judgment, order, or award of the Nebraska Workmen's Compensation Court shall be set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the order or award was procured by fraud, (3) the findings of fact by the court are not supported by the record, or (4) the findings of fact by the court do not support the order or award." That language has remained unchanged since 1935.

Section 48-185, R. R. S. 1943, and its predecessors since 1935, have provided for appeals from the district court to this court in workmen's compensation cases. The relevant portions of Laws 1935, c. 57, § 13, p. 195, originally provided: "Any appeal from the judgment of the district court shall be prosecuted in accordance with the general laws of the state regulating appeals in actions at law * * * a judgment, order, or award of the district court may be modified or set aside only upon the following grounds: (1) That the court acted without or in excess of its powers. (2) That the judgment, order or award was procured by fraud. (3) That the findings of fact are not *conclusively* supported by the evidence as disclosed by the record, and if so found, the cause shall be considered de novo upon the record. (4) That the findings of fact by the court do not support the order or award." (Emphasis ours.) What is contained in both sections 48-184 and 48-185, R. R. S. 1943, was originally a part of the same section. The sections were not separated until 1943.

This court has consistently held that where the initial rehearing is had before the compensation court en banc, then the review in the district court under section 48-184, R. R. S. 1943, is in the nature of an error proceed-

ing and is limited in scope. See, Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N. W. 2d 212; Rapp v. Hale, 170 Neb. 620, 103 N. W. 2d 851.

Under the provisions of section 48-185, R. S. 1943, in its original form, since few findings of fact could be said to be conclusively supported, we said: "As a practical proposition our review here is de novo upon the record." Werner v. Nebraska Power Co., 149 Neb. 408, 31 N. W. 2d 315 (1948). From that point on, in decisions too numerous to cite, we have stated that a workmen's compensation case in this court is considered de novo upon the record.

In 1953, section 48-185, R. S. 1943, was amended by removing the single word "conclusively." The committee statement on L.B. 85 of the 1953 Legislature was: "LB 85 provides that the word 'conclusively' shall be stricken. The committee unanimously agreed that this word shall be stricken from the Section 48-185 because it was unfair to the person appealing a case from the District Court to Supreme Court. That the amount of evidence needed in Supreme Court should not be greater than what is necessary in the District Court, as the Supreme Court decides their cases on the same record that the District Court.

"The committee also felt that it was unfair to the District Court as well as the Supreme Court in that by allowing the word conclusively to remain it changes the measure of evidence the District Court would decide the case on. The four rules set out by Section 48-184, which the District Court is guided to decide the matter and section 48-185 which the Supreme Court uses are and should be practically the same and it would be if the word conclusively was stricken as recommended by the committee."

This important change in section 48-185, R. R. S. 1943, adopted by the Legislature in 1953, has never been acknowledged or discussed by this court. It was apparently not raised. In 1960, this court once more repeated

the language that: "On an appeal from the district court to the Supreme Court in a workmen's compensation case, the case shall be considered de novo except where the findings of fact are *conclusively* supported by the evidence as disclosed by the record." Rapp v. Hale, 170 Neb. 620, 103 N. W. 2d 851. (Emphasis ours.)

On the basis of that case, we continued to state that a workmen's compensation case in this court is considered de novo. Even under that method of consideration, this court developed the rule that if conflicting evidence at the final trial level is resolved by the trial court according to the demeanor and credibility of witnesses, the resulting findings will be considered correct on de novo review in this court. See, Meadows v. Skinner Manufacturing Co., 178 Neb. 856, 136 N. W. 2d 184; Cardenas v. Peterson Bean Co., 180 Neb. 605, 144 N. W. 2d 154.

We think it clear that a reasonable interpretation of section 48-185, R. R. S. 1943, as amended in 1953, is that the standards for modifying or setting aside a judgment or award, and in measuring the findings of fact by the trial court in a workmen's compensation case, are to be the same whether the review is by the district court or by this court. Appellate review in this court requires consideration and review of the record in all cases. That consideration must ordinarily take account of the determination of the trial court or jury as to the factual issues. This is particularly true in dealing with appeals which are in the nature of actions at law. De novo review implies an independent determination of the facts without restriction by any previous factual determinations made in the lower court. While the distinction may be technical, it is nevertheless a vital one. Appellate courts do not ordinarily determine factual issues de novo except when required by statute.

We therefore hold that on appeal of a workmen's compensation case to the Supreme Court, if there is reasonable competent evidence to support the findings

of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence. We also hold that upon appellate review of a workmen's compensation case in the Supreme Court, the cause will be considered de novo only where the findings of fact are not supported by the evidence as disclosed by the record. To the extent that the holdings of Rapp v. Hale, 170 Neb. 620, 103 N. W. 2d 851, and subsequent cases on these issues are in conflict, they are overruled.

The findings of fact of the trial court in this case are supported by the record whether the consideration be de novo or by the statutory standard required under section 48-185, R. R. S. 1943, as amended. The judgment is affirmed. The plaintiff's attorneys are allowed a fee of $750 for their services in this court.

AFFIRMED.