WILMER G. JOHNSON, APPELLEE, v. HAHN BROTHERS
CONSTRUCTION, INC., A CORPORATION, APPELLANT.
196 N. W. 2d 109

Filed March 31, 1972.    No. 38284.

Pilcher, Howard & Dustin, for appellant.

Nelson, Harding, Marchetti, Leonard & Tate and Kermit A. Brashear, II, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

Clinton, J.

The defendant, Hahn Brothers Construction, Inc., appeals from a workmen's compensation award made to the plaintiff by the district court for Douglas County, Nebraska, which followed an appeal to and trial de novo in that court after a denial of recovery by a single judge of the Workmen's Compensation Court.

On this appeal the following three assignments of error are made, viz., the district court erred in finding: (1) That a contract of hire existed which gave rise to an employee-employer relationship between the parties; (2) that the plaintiff was acting in the course of his employment at the time of his injury; and (3) that the injuries arose out of the employment. Included within the above assignment is the contention that the plaintiff's injuries were caused by his being in a state of intoxication at the time. We affirm the judgment of the district court.

There are some substantial conflicts in the evidence presented to the district court on the basis of which it made its findings. In the case of Gifford v. Ag Lime, Sand & Gravel Co., 187 Neb. 57, 187 N. W. 2d 285 (1971), this court recently called attention to the provisions of section 48-185, R. R. S. 1943, pertaining to review by this court of judgments of the district court in workmen's compensation cases, and said: "We therefore hold that on appeal of a workmen's compensation case to the Supreme Court, if there is reasonable competent evidence to support the findings of fact in the trial court, the judgment, order, or award will not be modified or set aside for insufficiency of the evidence. We also hold that upon appellate review of a workmen's compensation case in the Supreme Court, the cause will be considered de novo only where the findings of fact are not supported by the evidence as disclosed by the record." So far as is pertinent to this case the relevant portions of section 48-185, R. R. S. 1943, are: "A judgment, order, or award of the district court may be modified

or set aside only upon the grounds that . . . (3) the findings of fact are not supported by the evidence as disclosed by the record and, if so found, the cause shall be considered de novo upon the record."

We accordingly have reviewed the record here to determine whether the findings of fact are supported by the record. After such review we cannot say that the district court's findings are not supported by the evidence.

We briefly summarize the record. It establishes without dispute that on the evening of February 10, 1970, the plaintiff, Johnson, a bricklayer, met Harry Hahn, president and manager of the defendant, at the Omaha Bricklayer's Union Hall, where Hahn had gone for the apparent purpose of attempting to employ a bricklayer. Johnson's desire for employment was there made known to him. At that time Hahn told Johnson to report at the defendant's work site near 114th and Maple Streets in Omaha, Nebraska, at 8 o'clock a.m. the following morning.

There is substantial conflict in the testimony as to some of what occurred the following morning. Both Hahn and Johnson agree that Johnson reported at the site about an hour late. Johnson's testimony was that he reported on time at a site which he thought was the defendant's project. After waiting for quite some time and after no one showed up, he telephoned one Kisicki, a union representative through whom he had met Hahn the previous evening, and obtained information from him as to another possible place of employment. When leaving this first site to go to the other location Johnson stated he discovered he had been at 108th Street instead of 114th Street and he then proceeded to the defendant's construction site. Kisicki verified the telephone conversation and stated he had received it before 9 o'clock a.m.

Johnson testified that when he reached the defendant's work site he met Harry Hahn and attempted to

explain to him why he was late and was told by Hahn to report to Helmut Hahn, the foreman at the project; and that he then went over to the scaffolding where Helmut was working and started to climb it to talk to Helmut in order to get instructions as to where he was to work.

It is undisputed that he fell about 12 feet from the scaffolding at that time and before he reached the platform where Helmut was working. He there suffered the injuries which give rise to this litigation.

Hahn's testimony was that when Jöhnson arrived he was intoxicated, he stumbled several times, and he talked incoherently; that Hahn then told Johnson he could not go to work that morning and he sent Johnson home; and that Johnson had taken his tools out of the car, but put them back when he was told he could not go to work. Hahn then started to leave but observed Johnson crossing the street to the construction site and as Johnson did so he stumbled several times.

Homer Smith, an employee of the defendant who was about 20 or 30 feet away when the conversation between Hahn and Johnson took place, testified he heard Hahn tell Johnson in a loud voice to put his tools away, that he was not going to work that day, and also that Johnson at that time put the tools back in the car. Johnson did not remember whether he had taken the tools out of the car or not.

Helmut testified that he saw Johnson when Johnson's head came over the scaffold and Helmut shouted: " 'Look out, Bill.' " Then he testified: ". . . away he went." No one present including Johnson could testify as to the cause of the fall. There was no communication from Johnson to Helmut except that Helmut testified that before Johnson began the climb he repeated one or more times: " 'Helmut, I did a stupid thing.' "

With reference to the issue of intoxication the only testimony in addition to that of Hahn was Johnson's denial that he had consumed any alcoholic beverage that

morning; Kisicki's testimony that the telephone conversation with Johnson was normal in all respects; and the testimony of Johnson's former wife, a licensed practical nurse at the hospital where Johnson was taken after his injury, who testified that she helped undress him and smelled no alcohol on his breath. Homer Smith did not testify on the issue of intoxication and neither did Helmut.

Hahn testified further that following the accident he locked Johnson's car so that the tools would not be stolen and that he took the key to the hospital and gave it to the former Mrs. Johnson. Mrs. Johnson testified that when she thanked Hahn for the key and locking the car he stated: " 'It's just part of my job as his employer.' " She also testified that he said: " 'Don't worry about anything. We have insurance that will cover all of this.' " Hahn denied making these last two statements.

Evidence was introduced to establish that it was the usual thing for a bricklayer reporting for work for the first time to go to the foreman for assignment. Helmut testified that it was his duty to assign workmen to their place of work. Hahn testified that only he could hire and fire workmen.

It clearly appears that there is in the record reasonable competent evidence to support the district court's findings. On the issue of the employee-employer relationship the test "usually invoked in this state is whether the alleged employer has the control of the workman and of the details, mode and manner of doing the work." Williams v. City of Wymore, 138 Neb. 256, 292 N. W. 726. Without dispute, Johnson was told by Hahn on the evening prior to the injuries to report for work the following morning. If Johnson's version is to be believed then when he reached the work site he was told by Hahn to report to the foreman for assignment. This evidence is clearly sufficient to establish a contract of hire and control in the employer.

On the issue of whether the injury arose out of and in the course of employment this court has said the words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words "in the course of" refer to the time, place, and circumstances of the accident. Appleby v. Great Western Sugar Co., Inc., 176 Neb. 102, 125 N. W. 2d 103. Also: "Whether an accident arises out of and in the course of the employment must be determined by the facts of each case. There is no fixed formula by which the question may be resolved." Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410. " 'In determining whether a risk arises out of the employment, the test to be applied to any act or conduct of an employee which does not constitute a direct performance of his work is whether it is reasonably incident thereto, or whether it is so substantial a deviation as to constitute a break in the employment and to create a formidable independent hazard.' " Simon v. Standard Oil Co., 150 Neb. 799, 36 N. W. 2d 102.

The evidence without dispute supports a finding that Johnson was on the work premises at the time of his injury; there is reasonable competent evidence to support a finding that at the time of his injury he was in the act of reporting to the foreman for the purpose of obtaining his work assignment. This brings him within the ambit of the rules just stated. Cases similar in principle to this one are: Fidelity & Casualty Co. v. Kennard, 162 Neb. 220, 75 N. W. 2d 553, where a woman employee of a hotel slipped and suffered injury just as she was arriving at the outside of the hotel door to report for duty, but before she had actually undertaken any work; and McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456, where an employee, leaving the premises of her employer in the usual and customary way after her work was ended, slipped and fell outside the building where she worked but while still on the grounds of her employer.

Whether Johnson was intoxicated at the time of his injury was a disputed question of fact. We need not decide whether the evidence is sufficient to support a finding that intoxication was the cause of his injury. The district court by its findings that the injuries arose out of and in the course of the employment has determined the defense of intoxication favorably to Johnson. The burden of proof on this defense is on the employer. §§ 48-107, 48-127, and 48-151 (7), R. R. S'. 1943; Parson v. Murphy, 101 Neb. 542, 163 N. W. 847, overruled on other grounds in Meyer v. Nielsen Chevrolet Co., 137 Neb. 6, 287 N. W. 849.

The judgment of the district court awarding compensation and medical expense to the plaintiff is affirmed. The plaintiff is awarded an attorney's fee of $750 for services of his attorney in this court.

AFFIRMED.