16 Neb. App. 79
JAMES McKAY, APPELLANT,
v.
HERSHEY FOOD CORP., APPELLEE.
No. A-06-1193.
Court of Appeals of Nebraska.
Filed October 30, 2007.
Todd Bennett, of Rehm, Bennett & Moore, for appellant.
Patrick R. Guinan, of Erickson & Sederstrom, P.C., for appellee.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
James McKay sought modification of a prior award of the Nebraska Workers' Compensation Court in order to obtain vocational rehabilitation services. The trial court found that under Neb. Rev. Stat. § 48-141 (Reissue 2004), McKay was required to prove an increase in incapacity due solely to his work-related injury, and the court granted summary judgment in favor of Hershey Food Corp. (Hershey), McKay's former employer. McKay appealed to the three-judge review panel of the compensation court, arguing that he did not need to prove an increase in incapacity and that the requested modification was authorized under Neb. Rev. Stat. § 48-162.01(7) (Cum. Supp. 2006). The review panel affirmed the decision of the trial court, and McKay has appealed to this court. Because we agree with the trial court and review panel's determination that § 48-162.01(7) is inapplicable and that McKay was required to prove an increase in incapacity, which he did not do, we affirm.

BACKGROUND
McKay was employed by Hershey on December 26, 1997, when he was injured in a work-related accident. Hershey paid McKay certain indemnity benefits, but on November 26, 2001, McKay filed a petition in the compensation court seeking additional benefits. McKay sought temporary and permanent disability benefits; payment of medical expenses; vocational rehabilitation benefits; and waiting-time penalties, attorney fees, and interest.
In its amended answer, filed June 26, 2002, Hershey admitted that McKay was an employee and that he suffered a work-related injury. Hershey denied the nature and extent of McKay's injuries. Hershey denied the remaining allegations of McKay's petition, including his entitlement to vocational rehabilitation benefits.
On October 4, 2002, the trial court entered an award in McKay's favor. The trial judge accepted the parties' stipulation that McKay was employed by Hershey on December 26, 1997, earning an average weekly wage of $793.50, and suffered injury on that date in an accident arising out of and in the course of his employment. The trial judge also accepted the parties' stipulations as to temporary total and temporary partial disability and found that McKay was correctly paid the compensation to which he was entitled for those periods. The trial judge found that McKay suffered a 30-percent permanent loss of earning capacity and was entitled to compensation at the rate of $158.70 per week for 246 4/7 weeks, crediting Hershey for payments made. In discussing McKay's loss of earning capacity, the trial judge observed, as [s]omething else for the Court to consider," the fact that Hershey announced at one time that it would close its Omaha plant sometime around March 31, 2002. The trial judge further observed that the closing did not occur but that it "underscore[d] the fragility of [McKay's] present employment." The trial judge did not further address any claim for, or make an award of, vocational rehabilitation services. Finally, the trial judge ordered the payment of certain medical bills.
The record before us shows that Hershey's Omaha plant closed in 2004 and that all hourly employees, including McKay, were offered a program that allowed for up to 2 years of additional education and retraining. After the plant's closing, McKay found other employment, earning $10.50 per hour.
After the closing of the Hershey plant, McKay filed a request with the compensation court for the appointment of a vocational rehabilitation counselor, which request was granted by the trial court. On November 4, 2004, Hershey filed a motion to strike the appointment of the vocational rehabilitation counselor, because McKay failed to give notice to Hershey of his request for the appointment. The trial court entered an order on December 29, granting Hershey's motion to strike. In the December 29 order, the trial judge first found that the motion to strike should be granted because there was no evidence that any notice was given to Hershey or its insurer of any request for appointment of a vocational counselor. The trial court also observed that in the original award, it had not awarded McKay any vocational training, and that McKay was seeking to modify the original award to obtain such retraining. The trial judge found that in order for McKay to obtain vocational rehabilitation services, he was required to "make a prima facie showing that there ha[d] been an increase in his incapacity due solely to the injury."
On January 11, 2005, McKay filed an application for review of the December 29, 2004, order. McKay requested that the three-judge review panel reverse the December 29 order and find that he was not required to show an increase in incapacity under § 48-141, but, rather, was entitled to apply for vocational rehabilitation benefits under § 48-162.01(7).
The review panel entered an order of affirmance on review on September 30, 2005, affirming the trial court's order striking the appointment of the vocational rehabilitation counselor. The review panel found that the record clearly established that McKay did not provide notice to Hershey prior to requesting the appointment of a rehabilitation counselor and that the lack of such notice was a sufficient basis for the trial court to sustain Hershey's motion to strike. The review panel also held as follows:
Aside from the procedural infirmity attending [McKay's] request for the appointment of a vocational rehabilitation counselor, a substantive shortcoming also exists. As properly noted by [the trial judge], no award of vocational rehabilitation benefits was accorded [McKay] in the original Award entered on October 4, 2002. Absent such an award of vocational rehabilitation benefits, the panel believes that any future request regarding same must comply with the dictates of Bennett v. J.C. Robinson Seed Co., 7 Neb. Ct. App. 525, 583 N.W.2d 370 (1998). In other words, [McKay] needed to allege and ultimately make a requisite showing that he had suffered an increase in incapacity due solely to the original injury. A review of the record fails to evidence any such allegation.
McKay did not appeal the review panel's order of September 30, 2005. Rather, on August 18, before the review panel entered its order of affirmance on review, McKay filed a petition to modify the October 4, 2002, award. In his petition to modify, McKay alleged that he had sustained a material and substantial increase in his incapacity due solely to his work-related injury and requested that the trial court award him additional benefits, including vocational rehabilitation. McKay also alleged that "in the interest of justice the compensation court or judge thereof may also modify a previous finding, order, award, or judgment relating to physical, medical, or vocational rehabilitation services as necessary in order to accomplish the goal of restoring the injured employee to gainful and suitable employment" pursuant to § 48-162.01(7).
After filing an answer denying that McKay had sustained an increase in his incapacity or that he was entitled to additional benefits, Hershey served interrogatories, asking McKay to describe the change in his condition, and a request for production of documents, asking McKay to identify all documents that supported his claim that he had sustained a material and substantial increase in his incapacity due solely to his work-related injury. McKay responded to the request for production by providing Hershey with medical records that predated the October 4, 2002, award. Subsequently, Hershey moved for summary judgment, alleging that there was no genuine issue of material fact and that Hershey was entitled to judgment as a matter of law.
The trial court heard Hershey's motion for summary judgment on January 11, 2006, and entered an order on January 23, granting Hershey's motion. The trial judge found that § 48-162.01(7) was not applicable, because the original award made no finding, order, award, or judgment relating to physical, medical, or vocational rehabilitation services. The trial judge found that McKay was obliged to comply with the provisions of § 48-141 and that McKay was unable to do so when all of his medical evidence predated the court's original award of benefits.
McKay appealed to the review panel, alleging, among other things, that the trial court erred in its determination that § 48-162.01(7) was not applicable and that McKay was required to prove a material and substantial change in his physical condition. McKay did not assign as error the trial court's determination that the medical records he presented at the summary judgment hearing, which records predated the original award, were not sufficient to establish an increase in his incapacity after the original award was entered.
The review panel entered an order of affirmance on review on October 3, 2006. In the majority opinion, two judges of the review panel stated in part as follows:
The review panel has carefully examined subsection 7 [of § 48-162.01] and concludes that the trial judge correctly interpreted the provisions set forth therein. In other words, to invoke subsection 7, a prior award of vocational rehabilitation services must have been made. It is the understanding of the review panel that the provision relied upon by [McKay] was passed by the legislature in response to decisions from the Nebraska Supreme Court indicating that the compensation court lacked the power to modify a preexisting [vocational rehabilitation] plan after its order became final. Dougherty v. Swift-Eckrich, Inc., 251 Neb. 333, 557 N.W.2d 31 (1996). Thus, when viewed within the proper framework, it is clear that the trial judge's interpretation and conclusions are correct. The review panel finds [McKay's] assertion to the contrary to be without merit.
In a separate concurrence, the third judge of the review panel noted:
The 1997 amendment to § 48-162.01 is limited to a modification of a previous award relating to physical, medical, or vocational rehabilitation services. In this case, there is no previous award addressing vocational rehabilitation services. As a result, there is no award to modify under § 48-162.01(7).
The original award did not address vocational rehabilitation services. Under Dawes v. Wittstruck Sandblasting & Painting, Inc., 266 Neb. 526, 667 N.W.2d 167 (2003) the failure of the trial court to address vocational rehabilitation services in its award in this case is the equivalent of a denial of vocational rehabilitation services. In order to obtain vocational rehabilitation services, [McKay] must meet the requirements of § 48-141, the modification statute, which [McKay] failed to do.
(Emphasis in original.)

ASSIGNMENT OF ERROR
McKay asserts, consolidated and restated, that the trial court erred in failing to find that he was entitled to vocational rehabilitation services.

STANDARD OF REVIEW
[1-3] Under Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Knapp v. Village of Beaver City, 273 Neb. 156, 728 N.W.2d 96 (2007). The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. Id. Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Id.

ANALYSIS
[4] We first observe that as a general matter, where an order is clearly intended to serve as a final adjudication of the rights and liabilities of the parties, the silence of the order on requests for relief not spoken to can be construed as a denial of those requests under the circumstances. D'Quaix v. Chadron State College, 272 Neb. 859, 725 N.W.2d 558 (2007). The original award of benefits to McKay, entered on October 4, 2002, does not discuss vocational rehabilitation. The October 2002 order was clearly intended to serve as a final order, and thus, the trial judge's silence on the issue of vocational rehabilitation services can be construed as a denial of those services. The question then becomes, under those circumstances, whether it was necessary in the present modification action for McKay to prove an increase in incapacity under § 48-141 in order to obtain vocational rehabilitation services or whether the original award could be modified to grant vocational rehabilitation services under § 48-162.01(7) without having to prove an increase in incapacity.
Section 48-141 provides:
All amounts paid by an employer or by an insurance company carrying such risk, as the case may be, and received by the employee or his or her dependents by lump-sum payments, approved by order pursuant to section 48-139, shall be final, but the amount of any agreement or award payable periodically may be modified as follows: (1) At any time by agreement of the parties with the approval of the Nebraska Workers' Compensation Court; or (2) if the parties cannot agree, then at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury or that the condition of a dependent has changed as to age or marriage or by reason of the death of the dependent. In such case, the same procedure shall be followed as in sections 48-173 to 48-185 in case of disputed claim for compensation.
Section 48-162.01(7) provides:
If the injured employee without reasonable cause refuses to undertake or fails to cooperate with a physical, medical, or vocational rehabilitation program determined by the compensation court or judge thereof to be suitable for him or her or refuses to be evaluated under subsection (3) or (6) of this section or fails to cooperate in such evaluation, the compensation court or judge thereof may suspend, reduce, or limit the compensation otherwise payable under the Nebraska Workers' Compensation Act. The compensation court or judge thereof may also modify a previous finding, order, award, or judgment relating to physical, medical, or vocational rehabilitation services as necessary in order to accomplish the goal of restoring the injured employee to gainful and suitable employment, or as otherwise required in the interest of justice.

(Emphasis supplied.)
McKay relies on the last sentence of § 48-162.01(7) and argues that the application of § 48-162.01(7) is necessary "in the interest of justice" under the circumstances of this case. The circumstances referred to by McKay are the closure of the Hershey plant, the physical restrictions that have been imposed on McKay due to his work-related injury, and the fact that at his current job, he earns significantly less than he did while employed by Hershey. McKay refers us to the earning capacity discussion in the original award, arguing that if the trial judge had chosen at the time of the original award to "act on the `fragility of [McKay's] present employment," vocational rehabilitation clearly would have been necessary "to return [McKay] to his former level of income and employment with another employer." Brief for appellant at 11. In other words, McKay argues that if continued employment with Hershey had not been available at the time, he would have suffered significant loss of access to the employment market and would have needed vocational rehabilitation in order to return to suitable employment. While that may certainly have been the case, McKay's arguments do nothing to change the fact that no vocational services were awarded to him at the time of the original award.
We agree with the conclusion of the trial court and review panel that the lack of an award of vocational rehabilitation services in the original award prevents the application of § 48-162.01(7) in this case. The last sentence of § 48-162.01(7), upon which McKay relies, was added by the Legislature when it adopted 1997 Neb. Laws, L.B. 128, § 4. The review panel concluded that the power of modification given to the compensation court by the 1997 amendment to § 48-162.01 was limited to modifications of a previous award relating to physical, medical, or vocational services. We agree with this conclusion because it is consistent with the legislative history of L.B. 128. The Introducer's Statement of Intent for L.B. 128 provides in relevant part that the bill
would allow the modification of a vocational rehabilitation plan by the Court after the award has become final for the purpose of restoring the employee to gainful and suitable employment or as otherwise required in the interest of justice. This change is sought as a result of a Supreme Court decision which stated these plans could not be modified after becoming final.
Business and Labor Committee, 95th Leg., 1st Sess. (Jan. 27, 1997). A review of the legislative history shows that the bill was introduced in response to the Nebraska Supreme Court's decision in Dougherty v. Swift-Eckrich, 251 Neb. 333, 557 N.W.2d 31 (1996). In Dougherty, the court awarded the plaintiff vocational rehabilitation benefits under a plan for certain retraining that was to end on a particular date. However, the plaintiff was unable to complete his training by the date specified in the plan. Subsequently, the plaintiff sought from the compensation court an extension of the completion date specified in the original award. The trial judge found that the delay in completing the retraining program was through no fault of the plaintiff's but was due to his need for certain remedial work and that the original plan was based on the rehabilitation counselor's miscalculation of the time which would be required to complete the course. The trial judge granted the extension, and the employer appealed. On appeal, the Supreme Court concluded that, essentially, the compensation court had attempted to correct an error in the original award, which award had become final. The Supreme Court concluded that there was no statute empowering the compensation court to make such a modification and that the court had acted in excess of its powers. Again, a review of the legislative history of L.B. 128, § 4, makes it clear that the bill was in response to the Dougherty decision and was to provide a mechanism for the compensation court to modify vocational rehabilitation plans due to changes in circumstances after the entry of an initial plan of vocational rehabilitation.
We conclude that the plain language of the last sentence of § 48-162.01(7) contemplates a modification of services previously granted and does not provide for a modification of a final order to grant entirely new services or benefits. As noted above, this conclusion is supported by the legislative history for L.B. 128, § 4. Because there was no previous award relating to vocational rehabilitation services in this case, there was nothing for the court to modify. Accordingly, the trial court correctly determined that § 48-162.01(7) was not applicable, and the review panel did not err in affirming that determination.
[5,6] We agree with the trial court's conclusion that in order to obtain the requested vocational rehabilitation services, McKay needed to comply with the requirements of § 48-141 and allege and prove that he had suffered an increase in incapacity since the entry of the original award. Nebraska case law provides that in order to obtain a modification, an applicant must prove, by a preponderance of evidence, that the increase or decrease in incapacity was due solely to the injury resulting from the original accident. Hagelstein v. Swift-Eckrich, 261 Neb. 305, 622 N.W.2d 663 (2001). The applicant must prove there exists a material and substantial change for the better or worse in the conditiona change in circumstances that justifies a modification, distinct and different from the condition for which the adjudication had previously been made. Id.
In his petition for modification, McKay did in fact allege that he had sustained a material and "substantiating" change in his condition due solely to his work injury and sustained "an increase in his physical condition." The trial court found, however, that McKay did not prove an increase in incapacity, because the medical evidence submitted at the hearing on McKay's petition to modify all predated the original award, a finding which McKay has not challenged on appeal. We agree with the trial court's conclusion that medical records predating the original award are insufficient to prove a material and substantial change in McKay's condition since the original award.
[7,8] The trial court granted Hershey's motion for summary judgment. Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Johnson v. Knox Cty. Partnership, 273 Neb. 123, 728 N.W.2d 101 (2007). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id. Viewing the evidence in the light most favorable to McKay, we conclude that the trial court properly granted summary judgment and that the review panel did not err in affirming the trial court's decision.

CONCLUSION
Because the original award of benefits did not include an award of vocational rehabilitation services, § 48-162.01(7) is inapplicable to modify the original award. Because McKay failed to prove that he suffered an increase in incapacity since the entry of the original award as required for modification under § 48-141, the trial court properly granted Hershey's motion for summary judgment, and the review panel did not err in affirming this decision.
AFFIRMED.