781 N.W.2d 196 (2010)
279 Neb. 754
Mary HERRINGTON, appellant,
v.
P.R. VENTURES, LLC, doing business as Misty's Restaurant, and Harleysville, its workers' compensation carrier, appellees.
No. S-09-1076.
Supreme Court of Nebraska.
April 23, 2010.
*197 Jeffrey A. Bloom and Joseph C. Dowding, of Dowding, Dowding & Dowding, Lincoln, for appellant.
Jason A. Kidd, of Engles, Ketcham, Olson & Keith, P.C., for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
This appeal presents an issue of statutory interpretation. We conclude that the review panel of the Nebraska Workers' Compensation Court correctly interpreted Neb.Rev.Stat. § 48-191 (Reissue 2004), and therefore affirm.
The facts are simple and undisputed. In July 2008, Mary Herrington filed a petition in the Workers' Compensation Court, alleging that she had been injured in accidents arising out of and in the course of her employment with P.R. Ventures, LLC. The parties agreed to a settlement, and on December 4, the Workers' Compensation Court entered an order approving a lump-sum payment of $10,000 to Herrington. A draft for $10,000 was sent by P.R. Ventures to Herrington's attorney by overnight mail on Monday, January 5, 2009. Herrington received the draft on January 6.
In February 2009, Herrington filed a motion for waiting-time penalties, attorney fees, and interest, claiming that the draft was sent outside the 30-day time period specified by Neb.Rev.Stat. § 48-125 (Reissue 2004). P.R. Ventures resisted the motion, arguing that the draft was timely sent pursuant to § 48-191, which provides:

*198 Notwithstanding any more general or special law respecting the subject matter hereof, whenever the last day of the period within which a party to an action may file any paper or pleading with the Nebraska Workers' Compensation Court, or take any other action with respect to a claim for compensation, falls on a Saturday, a Sunday, any day on which the compensation court is closed by order of the Chief Justice of the Supreme Court, or any day declared by statutory enactment or proclamation of the Governor to be a holiday, the next following day, which is not a Saturday, a Sunday, a day on which the compensation court is closed by order of the Chief Justice of the Supreme Court, or a day declared by such enactment or proclamation to be a holiday, shall be deemed to be the last day for filing any such paper or pleading or taking any such other action with respect to a claim for compensation.

(Emphasis supplied.) The trial judge awarded Herrington waiting-time penalties, attorney fees, and interest, reasoning that § 48-191 applied only to interactions between parties and the court, and did not apply to interactions between the parties. The review panel reversed, reasoning that the statutory phrase "`other action with respect to a claim for compensation'" was "generally broad and include[d] payment of a claim for compensation."
Herrington filed a timely appeal, and we granted her petition to bypass and then ordered that the case be submitted without oral argument.

ASSIGNMENT OF ERROR
Herrington's sole assignment of error is that the review panel erred in finding that the lump-sum payment was timely made pursuant to the provisions of § 48-191.

STANDARD OF REVIEW
The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[1]

ANALYSIS
The lump-sum settlement was approved by the Workers' Compensation Court on December 4, 2008. The 30-day period in which the $10,000 payment had to be sent in order to avoid penalties, attorney fees, and interest commenced on December 5.[2] The final day of the 30-day period was therefore Saturday, January 3, 2009. It is undisputed that the payment was not sent until Monday, January 5. The sole issue in this appeal is whether the payment was timely under § 48-191, which extends the time period for an "action with respect to a claim for compensation" when the final day of the time period falls on a Saturday, a Sunday, or a day when the Workers' Compensation Court is otherwise legally closed.
Familiar general principles guide our analysis in this case. Absent a statutory indication to the contrary, words in a statute will be given their ordinary meaning.[3] An appellate court will not read anything plain, direct, or unambiguous out *199 of a statute.[4] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[5] A court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat that purpose.[6] In construing a statute, an appellate court looks to the statutory objective to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served.[7]
Based on these general principles, we conclude that the review panel correctly interpreted § 48-191. The statute is not ambiguous. The plain language "any other action with respect to a claim for compensation" is broad enough to include not only transactions between a party and the court, but also transactions between the parties. Except in circumstances not applicable here, § 48-125 directs that payments of workers' compensation benefits "shall be sent directly to the person entitled to compensation or his or her designated representative."[8] Clearly, the mailing of a lump-sum settlement check to its intended recipient is an "action with respect to a claim for compensation" such that the time for mailing must be determined pursuant to § 48-191.
Contrary to Herrington's argument, we perceive no inconsistency between §§ 48-125 and 48-191. The former provides a penalty for payments made more than 30 days after entry of a judgment; the latter simply directs how this time period, as well as others under the Nebraska Workers' Compensation Act, is to be computed. Nor are we persuaded by the argument that application of § 48-191 would contravene the general purpose of § 48-125, which is to "encourage prompt payment by making delay costly if the award has been finally established."[9] Section 48-191 simply provides a practical, uniform standard for computing time periods under the Nebraska Workers' Compensation Act.

CONCLUSION
For these reasons, we affirm the order denying the award of waiting-time penalties, attorney fees, and interest.
AFFIRMED.
NOTES
[1] Miller v. Regional West Med. Ctr., 278 Neb. 676, 772 N.W.2d 872 (2009); Powell v. Estate Gardeners, 275 Neb. 287, 745 N.W.2d 917 (2008).
[2] See, § 48-125; Soto v. State, 269 Neb. 337, 693 N.W.2d 491 (2005), modified on denial of rehearing 270 Neb. 40, 699 N.W.2d 819; Brown v. Harbor Fin. Mortgage Corp., 267 Neb. 218, 673 N.W.2d 35 (2004).
[3] In re Estate of Chrisp, 276 Neb. 966, 759 N.W.2d 87 (2009).
[4] In re Estate of Lienemann, 277 Neb. 286, 761 N.W.2d 560 (2009); City of Elkhorn v. City of Omaha, 272 Neb. 867, 725 N.W.2d 792 (2007).
[5] Concrete Indus. v. Nebraska Dept. of Rev., 277 Neb. 897, 766 N.W.2d 103 (2009); State ex rel. Lanman v. Board of Cty. Commissioners, 277 Neb. 492, 763 N.W.2d 392 (2009).
[6] Concrete Indus. v. Nebraska Dept. of Rev., supra note 5; Burns v. Nielsen, 273 Neb. 724, 732 N.W.2d 640 (2007).
[7] TracFone Wireless v. Nebraska Pub. Serv. Comm., 279 Neb. 426, 778 N.W.2d 452 (2010).
[8] § 48-125(1) (now found at § 48-125(1)(a) (Supp.2009)).
[9] Soto v. State, supra note 2, 269 Neb. at 345-46, 693 N.W.2d at 499. Accord Roth v. Sarpy Cty. Highway Dept., 253 Neb. 703, 572 N.W.2d 786 (1998).