Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/13/2021 08:13 AM CDT

Martin Boring, appellee, v.
Zoetis LLC, appellant.

___ N.W.2d ___

Filed May 21, 2021.    No. S-20-275.

1. **Workers' Compensation: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2020), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. **Workers' Compensation: Attorney Fees: Penalties and Forfeitures.** The waiting-time penalty and attorney fees are available under Neb. Rev. Stat. § 48-125 (Cum. Supp. 2016) in cases brought to the Workers' Compensation Court only where there is no reasonable controversy regarding an employee's claim for workers' compensation.

3. **Workers' Compensation: Attorney Fees: Words and Phrases.** A "reasonable controversy" for the purpose of Neb. Rev. Stat. § 48-125 (Cum. Supp. 2016) exists if (1) there is a question of law previously unanswered by the Supreme Court, which question must be answered to determine a right or liability for disposition of a claim under the Nebraska Workers' Compensation Act, or (2) if the properly adduced evidence would support reasonable but opposite conclusions by the compensation court about an aspect of an employee's claim, which conclusions affect allowance or rejection of an employee's claim, in whole or in part.

Petition for further review from the Court of Appeals, Bishop, Arterburn, and Welch, Judges, on appeal thereto from

the Workers' Compensation Court, J. Michael Fitzgerald, Judge. Judgment of Court of Appeals affirmed.

Eric T. Lanham, Sarah N. Boston, and A. Francesca Romano, of McAnany, Van Cleave & Phillips, P.A., for appellant.

Ryan C. Holsten and Nolan J. Niehus, Senior Certified Law Student, of Atwood, Holsten, Brown, Deaver, Spier & Israel Law Firm, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## NATURE OF CASE

Martin Boring filed a petition in the Nebraska Workers' Compensation Court (WCC) against Zoetis LLC, in which he claimed a compensable injury arising from his employment with Zoetis. The WCC awarded Boring, inter alia, temporary and permanent benefits, and it ordered Zoetis to pay Boring penalties and attorney fees pursuant to Neb. Rev. Stat. § 48-125 (Cum. Supp. 2016). Zoetis appealed to the Nebraska Court of Appeals, which affirmed the award of benefits but reversed and vacated the award of penalties and attorney fees.

We granted Boring's petition for further review in which he assigned error to the Court of Appeals' decision that reversed and vacated the award of penalties and attorney fees. We determine that the WCC erred when it found that there was no reasonable controversy based solely on its reliance on the judicial admission in Zoetis' answer, the effect of which Zoetis had later been relieved. Because the case was tried without reliance on a judicial admission, the WCC should have made its finding as to whether there was a reasonable controversy based on the evidence actually presented at trial. On appeal, the Court of Appeals reversed the award of penalties and attorney fees. On further review, although we articulate the rationale slightly differently, we affirm.

STATEMENT OF FACTS

Boring was employed by Zoetis from June 2004 to September 2017. In October 2018, Boring filed a petition with the WCC in which he generally claimed a compensable injury arising from his employment with Zoetis. In paragraph 3 of the petition, Boring alleged that on February 7, 2017, he "sustained a work accident and injuries to his right upper extremity arising out of and in the course of his employment with" Zoetis. In paragraph 5, Boring alleged that "the matter or matters in dispute include the compensability of past, present, and future medical expenses, temporary disability and waiting time, interest and attorney's fees and, to the extent [Boring] has reached maximum medical improvement at the time of trial, permanent impairment benefits." Finally, in paragraph 6, Boring alleged that

> no reasonable controversy exists concerning the compensability of [Boring's] claim, and yet, despite more than thirty (30) day [sic] notice of [Boring's] accident and injuries, [Zoetis] has failed and refused to make payment to [Boring] of compensable medical and mileage expenses and indemnity benefits, and [Boring] is therefore entitled to interest, costs, waiting time and attorney's fees in accord with . . . §48-125.

In its answer, Zoetis admitted portions of Boring's petition, including, inter alia, the allegations set forth in paragraph 3, in which Boring alleged that he had sustained a work-related accident and injury to his right upper extremity on February 7, 2017. With regard to both paragraphs 5 and 6, regarding the extent of compensation and penalties respectively, Zoetis stated that it was "without knowledge to form a belief as to the allegations contained in" each of the paragraphs and that it therefore denied paragraphs 5 and 6.

A trial was held on October 29, 2019. Without objection, the WCC received into evidence a stipulation signed by both parties. They stipulated to, inter alia, the award to which Boring would be entitled "[s]hould the [WCC] find [Boring] suffered

a compensable accident and injury." Boring testified at trial, and Zoetis presented testimony by a nurse practitioner who operated Zoetis' occupational health clinic and treated Boring after he reported an injury in 2017. Without going into details here, the record at trial showed that Boring's condition had been evaluated by a variety of health professionals, in addition to the foregoing nurse practitioner. These individuals included Dr. George Hansen, Dr. Patrick Hurlbut, a physical therapist, Dr. Kirk Hutton, and Dr. Michael Morrison. There were widely differing views about causation and the extent of Boring's injury. In addition, there was a debate among the professionals as to whether Boring tripped in the autumn of 2017 and, if so, the consequences of such incident.

After the trial, on January 30, 2020, the WCC filed an order in which it found that on February 7, 2017, Boring injured his right shoulder in an accident arising out of and in the scope of his employment, and that such injury led to surgery on his shoulder. The WCC dedicated nearly six pages of its order to assessing the competing medical evidence. The WCC awarded Boring temporary and permanent benefits, payment for future medical care, a vocational evaluation and vocational rehabilitation services, and medical bills and mileage.

The WCC also addressed Boring's request for penalties and attorney fees. The WCC rejected Zoetis' argument in which it contended that there was a reasonable controversy and that therefore, Boring was not entitled to penalties and attorney fees under § 48-125. Notwithstanding the trial record and the WCC's extensive weighing of the evidence that led it to find a compensable injury, the WCC proceeded in the remainder of its analysis as though injury had not been an issue. In its order, the WCC stated that Zoetis "admitted in its Answer that on February 7, 2017 [Boring] sustained a work accident and injuries to his right upper extremity arising out of and in the course of his employment with [Zoetis]." The WCC cited precedent to the effect that an admission in a pleading is a judicial admission, which is a substitute for evidence.

The WCC reasoned that Zoetis' judicial admission relieved Boring of the burden to produce evidence that he injured his right shoulder on February 7, 2017, and that as a result of such admission Zoetis was "liable for treatment and medical care of [Boring's] right shoulder and the payment of weekly benefits." The WCC further reasoned that Zoetis' admission of "the accident and injury entitles [Boring] to a penalty and attorney's fees for nonpayment of medical expenses and nonpayment of weekly benefits." After a subsequent hearing, the WCC ordered Zoetis to pay a penalty of $408.50 per week for late payment of temporary benefits that were due April 18, 2018, through July 1, 2019, and a penalty of $408.50 per week for 33.75 weeks for late payment of permanent benefits. The WCC also ordered that Boring was entitled to a reasonable attorney fee of $15,333.

Zoetis appealed the WCC's award to the Court of Appeals. Zoetis claimed that the WCC erred when it found that Boring's injury arose out of and in the course of his employment and that he was entitled to temporary and permanent benefits, payment for past and future medical expenses and mileage, and a vocational evaluation and vocational rehabilitation services. Zoetis also claimed that the WCC erred when it awarded penalties and attorney fees. The Court of Appeals generally affirmed the award but reversed the portion of the order in which the WCC awarded penalties and attorney fees pursuant to § 48-125.

In a memorandum opinion, the Court of Appeals first addressed the WCC's finding that Boring's injury arose out of and in the course of his employment. See *Boring v. Zoetis LLC*, No. A-20-275, 2020 WL 7227304 (Neb. App. Dec. 8, 2020) (selected for posting to court website). The Court of Appeals began its analysis by rejecting Boring's argument that by admitting paragraph 3 of Boring's petition, Zoetis made a judicial admission that constituted a waiver of its right to challenge the finding that Boring's shoulder injury arose out of and in the course of his employment with Zoetis. The Court of Appeals

reasoned that Zoetis' admission to paragraph 3 constituted only an admission to "some work-related accident and injury suffered by Boring on February 7, 2017," but that Zoetis' denial of paragraph 6 of Boring's petition made it "equally clear that Zoetis disputed the nature and extent of that injury and the benefits attributable thereto." *Id.* at *7. The Court of Appeals characterized Zoetis' position as being that "although Boring may have suffered a minor strain on February 7, 2017, that injury eventually healed and Boring was treated for a different shoulder injury by 2018 which required two surgeries," and that therefore, "Boring's injury on February 7, 2017, was, at best, a mild strain and did not support the stipulated benefits which were the result of a different injury." *Id.* The Court of Appeals concluded that "Zoetis did not admit to the full extent of injury claimed by Boring." *Id.*

The Court of Appeals proceeded to consider whether Boring presented sufficient evidence to support the WCC's finding that the injury which required surgery arose out of and in the course of Boring's employment with Zoetis. After reviewing the evidence, the Court of Appeals determined that there was sufficient evidence and it therefore affirmed the finding. The Court of Appeals further considered Zoetis' claims that the evidence did not support the WCC's awards of temporary and permanent benefits, and medical expenses and mileage, the amount of which awards was stipulated by the parties. The Court of Appeals concluded that because the record supported the finding that the injury requiring surgery arose out of and in the course of Boring's employment with Zoetis, the WCC did not err when it awarded the stipulated benefits. The Court of Appeals therefore affirmed the awards, and it further affirmed the award relating to a vocational evaluation and vocational rehabilitation services.

Finally, the Court of Appeals considered Zoetis' claim that the WCC erred when it awarded Boring penalties and attorney fees. The Court of Appeals cited § 48-125, which provides for a waiting-time penalty and attorney fees when the employer

fails to pay compensation within 30 days of notice of disability and the employee must seek an award in the WCC. The Court of Appeals cited precedent to the effect that penalties and attorney fees may be awarded under § 48-125 only when no reasonable controversy exists regarding the claim for workers' compensation benefits.

The Court of Appeals noted that at trial, Zoetis "most certainly denied the nature and extent of Boring's injuries and the case was tried primarily on the issue of causation." *Boring v. Zoetis LLC*, 2020 WL 7227304 at \*10. The Court of Appeals reviewed the evidence presented on that issue and observed that "there was evidence in this record that would support reasonable but opposite conclusions . . . regarding the nature and extent of Boring's February 7, 2017, injury." *Id.* The Court of Appeals ruled that a waiting-time penalty and attorney fees under § 48-125 were not justified. The Court of Appeals therefore reversed and vacated the portion of the WCC order awarding Boring penalties and attorney fees.

We granted Boring's petition for further review.

## ASSIGNMENT OF ERROR

Boring claims, combined and restated, that the Court of Appeals erred when it reversed and vacated the WCC's award of penalties and attorney fees in contravention of its own precedent in *Heesch v. Swimtastic Swim School*, 20 Neb. App. 260, 823 N.W.2d 211 (2012).

## STANDARDS OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2020), an appellate court may modify, reverse, or set aside a WCC decision only when (1) the WCC acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the WCC do not support the order or award. *Parks v. Hy-Vee*, 307 Neb. 927, 951 N.W.2d 504 (2020).

ANALYSIS

We note as an initial matter that Boring's assignments of error on further review relate solely to the portion of the Court of Appeals' decision in which it reversed and vacated the WCC's award of penalties and attorney fees to Boring pursuant to § 48-125. Boring did not challenge the remaining portions of the Court of Appeals' decision in which it affirmed the rest of the award. Furthermore, Zoetis did not cross-petition for further review. The only aspect of the Court of Appeals' decision before us on further review is the part relating to penalties and attorney fees. The Court of Appeals' decision in which it affirmed the WCC's award of temporary and permanent benefits, payment for future medical care, a vocational evaluation and vocational rehabilitation services, and medical bills and mileage is therefore affirmed.

Boring's assignments of error on further review relate to the WCC award of penalties and attorney fees pursuant to § 48-125, which award the Court of Appeals overturned on appeal. We therefore review statutory and case law standards governing such awards. Section 48-125(3) provides for a "waiting time" penalty for delinquent payments, and § 48-125(4) provides for "a reasonable attorney's fee" when the employer "refuses payment of compensation or medical payments" and "proceedings are held before the [WCC]." We have recognized that the waiting-time penalty provided for in § 48-125(3) relates only to delinquent payments of compensation, which includes "'periodic disability or indemnity benefits,'" and that the statute does not authorize a waiting-time penalty for delinquent payment of medical expenses. *VanKirk v. Central Community College*, 285 Neb. 231, 236, 826 N.W.2d 277, 281 (2013). With regard to attorney fees, however, we have noted that the Legislature amended the portion of the statute that is now § 48-125(4) to specifically provide for an award of attorney fees related to medical expenses, as well as to compensation. *Id.* See, also, *Bronzynski v. Model Electric*, 14 Neb. App. 355, 707 N.W.2d 46 (2005).

[2,3] Although § 48-125 does not contain the words "reasonable controversy," our case law has long held that the waiting-time penalty and attorney fees are available under § 48-125 in cases brought to the WCC only "where there is no reasonable controversy regarding an employee's claim for workers' compensation." *Picard v. P & C Group 1*, 306 Neb. 292, 302, 945 N.W.2d 183, 193 (2020). See, also, *Bower v. Eaton Corp.*, 301 Neb. 311, 918 N.W.2d 249 (2018). A "reasonable controversy" for the purpose of § 48-125 exists if (1) there is a question of law previously unanswered by the Supreme Court, which question must be answered to determine a right or liability for disposition of a claim under the Nebraska Workers' Compensation Act, or (2) if the properly adduced evidence would support reasonable but opposite conclusions by the WCC about an aspect of an employee's claim, which conclusions affect allowance or rejection of an employee's claim, in whole or in part. *Picard v. P & C Group 1, supra*. We have further noted:

> Although the total amount of compensation due may be in dispute, the employer's insurer nevertheless has a duty to promptly pay the amount which is undisputed, and the only legitimate excuse for delay of payment is the existence of genuine doubt from a medical or legal standpoint that any liability exists.

*Bower v. Eaton Corp.*, 301 Neb. at 340, 918 N.W.2d at 272.

In its award in this case, the WCC rejected Zoetis' argument that there was a reasonable controversy that prevented an award of penalties and attorney fees under § 48-125. The WCC found that there was no reasonable controversy solely because in its answer Zoetis had judicially admitted the allegations in paragraph 3 of Boring's complaint. The WCC found that the existence of such admission made Zoetis "liable for treatment and medical care of [Boring's] right shoulder and the payment of weekly benefits" and that because Zoetis' answer "admit[ted] the accident and injury," Boring was entitled "to a penalty and attorney's fees for nonpayment of

medical expenses and nonpayment of weekly benefits" under § 48-125.

On appeal, the Court of Appeals recognized the admission in Zoetis' answer, but reasoned that although Zoetis had made such admission, "it most certainly denied the nature and extent of Boring's injuries." *Boring v. Zoetis LLC*, No. A-20-275, 2020 WL 7227304 at *10 (Neb. App. Dec. 8, 2020) (selected for posting to court website). The Court of Appeals noted that the trial in this case was primarily focused on determining the nature and extent of the injury Boring sustained on February 7, 2017. The Court of Appeals reasoned that because "Zoetis did not judicially admit the nature and extent of Boring's injuries," it was necessary for a court to "separately determine if a reasonable controversy existed as to the nature and extent of Boring's injuries as contested by Zoetis." *Id.* Because the WCC had not separately evaluated the evidence to determine whether a reasonable controversy existed, the Court of Appeals examined the record. The Court of Appeals reviewed the evidence in the record and stated, inter alia, that the evidence "would support reasonable but opposite conclusions by the [WCC] regarding the nature and extent of Boring's February 7, 2017, injury." *Id.* at *11. Given this observation, the Court of Appeals determined that the WCC erred when it found no reasonable controversy and awarded penalties and attorney fees. The Court of Appeals reversed and vacated the portion of the WCC award granting such penalties and attorney fees.

Boring argues that the Court of Appeals' decision in this case is contrary to its reasoning in *Heesch v. Swimtastic Swim School*, 20 Neb. App. 260, 823 N.W.2d 211 (2012), in which the employee alleged in her petition that she sustained a back injury arising out of and in the course of her employment and the employer admitted that allegation in its answer. The Court of Appeals in *Heesch* concluded that the employer's admission in its answer was a binding judicial admission and that therefore, "there was no reasonable controversy about the basic

compensability of [the employee's] workers' compensation claim." 20 Neb. App. at 274, 823 N.W.2d at 222-23. Boring contends that *Heesch* is controlling in this case and that Zoetis' answer admitting paragraph 3 was a judicial admission of the basic compensability of his workers' compensation claim.

In response to Boring's petition for further review, Zoetis argues that this court's precedent in *Risor v. Nebraska Boiler*, 277 Neb. 679, 765 N.W.2d 170 (2009), is controlling. Zoetis relies on portions of *Risor* in which we reasoned that under Neb. Rev. Stat. § 48-168 (Cum. Supp. 2008), the WCC is not bound by formal rules of procedure, and that furthermore, formal pleading rules do not preclude an implicit amendment of pleadings to conform to the evidence when the parties try issues by consent. Zoetis contends that Boring consented to trying issues of causation and that there was an implicit amendment of the pleadings which overcame any judicial admission Zoetis had made in its answer. Zoetis argues that for purposes of § 48-125, such issues presented a reasonable controversy that precluded an award of penalties and attorney fees. Zoetis urges us to affirm the decision of the Court of Appeals.

On further review, we agree with the Court of Appeals that the WCC's treatment of penalties and attorney fees was flawed. As we explain below, the WCC erred when it failed to examine the trial evidence to determine whether there was a reasonable controversy. And, although our explanation differs slightly from the Court of Appeals, we agree with the Court of Appeals that reversal of the award of penalties and attorney fees was warranted.

In its answer, Zoetis admitted Boring's allegation that he "sustained a work accident and injuries to his right upper extremity arising out of and in the course of his employment with" Zoetis. At trial, contrary to this admission, the parties offered, and the court received, a trial stipulation signed by both parties in which, inter alia, the parties agreed to an award to which Boring would be entitled "[s]hould the [WCC] find [Boring] suffered a compensable accident and injury."

Based on this stipulation, the parties agreed to litigate the existence of a compensable injury and Zoetis was relieved of its admission. Thereafter, the court allowed into evidence various exhibits offered by both parties, including medical records to which we referred earlier, and heard testimony by Boring and by the person who operated Zoetis' occupational health clinic. We have reviewed the evidence; it shows that compensability and the nature and extent thereof were in controversy.

Comments made by both parties prior to trial recognized that there was an issue to be tried regarding whether there was a compensable accident and injury. The WCC asked the parties' counsel "what is the argument about here?" Boring's counsel responded, "There is a dispute between the doctors as to medical causation." Zoetis' counsel thereafter stated that the dispute was "a little more than that" and that "the real dispute is about, not just medical causation but whether there was an accident at all." At the close of the evidence, when the WCC was setting a date for the parties to submit written arguments, the WCC stated:

> [T]he question is, do I pay him or do I not? Do I find he got hurt on the job or didn't get hurt on the job? If he got hurt on the job, then all of the stuff is going to fall into place. If he didn't get hurt on the job, then nothing false [sic] into place. Right?"

We have recognized that pleadings and admissions therein may be superseded at trial. We have stated that a "pretrial order is binding upon the parties" and that "the issues set out in a pretrial order supplant those raised in the pleadings." *Hall v. County of Lancaster*, 287 Neb. 969, 978, 846 N.W.2d 107, 115 (2014), *overruled on other grounds, Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). We have also recognized, "'A judicial admission is ordinarily final and conclusive upon the party by whom it was made, unless the trial court, in the exercise of a judicial discretion, timely relieves [the party] from that consequence.'" *Vermaas v. Heckel*, 170 Neb. 321, 325, 102 N.W.2d 647, 652 (1960). Finally, as Zoetis argues,

in *Risor v. Nebraska Boiler*, 277 Neb. 679, 765 N.W.2d 170 (2009), we stated that under § 48-168, the WCC is not bound by formal rules of procedure, and that formal pleading rules do not preclude an implicit amendment of pleadings to conform to the evidence when the parties try issues by consent. Each of the foregoing propositions lends support to our determination that compensability was an issue at the trial.

We have stated that a judicial admission "constitutes a waiver of all controversy *so far as the adverse party desires to take advantage of it*, and therefore is a limitation of the issues," and that a party may "invoke the language of the pleading of his [or her] adversary on which the case is tried on a particular issue as rendering certain facts indisputable." *Saberzadeh v. Shaw*, 266 Neb. 196, 199, 663 N.W.2d 612, 615-16 (2003). In *Saberzadeh*, we noted that although one party may have made a judicial admission, the opposing party did not seek to take advantage of the judicial admission by invoking it at trial, and we determined that the opposing party was therefore not relieved of the burden of producing evidence in support of his allegation.

Applying the foregoing principles, we determine that regardless of the fact that Zoetis' answer included a judicial admission regarding Boring's injury, whether Boring suffered a compensable injury was in fact an issue at trial in this case as indicated by the stipulation, the comments of the parties and the WCC, and the evidence. As this case was tried, Boring did not invoke a judicial admission to relieve himself of the burden of presenting evidence to establish a compensable injury, and the WCC found a compensable injury based on the evidence rather than on a judicial admission.

Because the issue of compensability was not resolved based on a judicial admission, the WCC's finding of fact that there was no reasonable controversy was clear error because such finding was based entirely on the erroneous premise that the case had been resolved by a judicial admission rather than by the evidence. Instead of relying on a judicial admission, the

WCC should have recognized the manner in which this case was actually tried and thereafter looked to the evidence that was presented in order to make a finding of whether or not the evidence presented a reasonable controversy. The Court of Appeals recognized this flaw and reversed the WCC's award of penalties and attorney fees.

Because this case is before us on further review, we must further determine whether the Court of Appeals erred when it vacated the award of penalties and attorney fees. We find no error.

As the Court of Appeals recognized, compensability and the nature and extent of the injury were all at issue at trial. Upon noticing that the WCC's finding of reasonable controversy was problematic, the Court of Appeals observed that "there was evidence in this record that would support reasonable but opposite conclusions . . . regarding the nature and extent of Boring's February 7, 2017, injury." *Boring v. Zoetis LLC*, No. A-20-275, 2020 WL 7227304 at *10 (Neb. App. Dec. 8, 2020) (selected for posting to court's website). As we read the Court of Appeals' opinion, at this point, the Court of Appeals determined that the existence of competing conclusions created a reasonable controversy and that this was sufficient to reverse the WCC's award of penalties and attorney fees. But this approach implies that the Court of Appeals found, as a question of fact, that there was a reasonable controversy.

Focusing on an appellate court's review, two standards intersect. On the one hand, whether a reasonable controversy exists under § 48-125 is a question of fact. *Bower v. Eaton Corp.*, 301 Neb. 311, 918 N.W.2d 249 (2018). And an appellate court reviews a question of fact for clear error. See *id*. But on the other hand, where the facts are not in dispute concerning what is ordinarily a question of fact and where the inference is clear that reasonable people could not disagree about the matter, the matter is a question of law. See, *Aboytes-Mosqueda v. LFA Inc.*, 306 Neb. 277, 944 N.W.2d 765 (2020); *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010). As

to questions of law, an appellate court is obligated to make its own determinations. See *Bower v. Eaton Corp., supra*.

Thus, the correct statement of the appellate exercise is as follows: Based on a review of this record and disregarding the purported judicial admissions, could a reasonable fact finder have made the same decision—that no reasonable controversy existed? If so, the issue must be remanded to the WCC as the finder of fact. On the other hand, if the only possible conclusion of a reasonable fact finder, disregarding the purported admissions, is that a reasonable controversy existed, then the matter becomes a question of law to be resolved by the appellate court.

Applying this exercise, we believe that, as a matter of law, based on the trial record and disregarding the purported judicial admissions, a reasonable fact finder could reach only one conclusion—that a reasonable controversy existed. Given this determination, the Court of Appeals did not err when it reversed the WCC's award of penalties and attorney fees.

## CONCLUSION

Neither party sought further review of the portions of the Court of Appeals' decision that affirmed the WCC's order awarding Boring temporary and permanent benefits, payment for future medical care, vocational evaluation and vocational rehabilitation services, and medical bills and mileage. We therefore affirm those portions of the Court of Appeals' decision that affirmed these awards.

With regard to the portion of the Court of Appeals' decision that reversed the WCC's award of penalties and attorney fees pursuant to § 48-125, for reasoning different from the Court of Appeals, we affirm.

Affirmed.