Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/17/2022 08:09 AM CDT

James R. Spratt, appellant, v. Crete
Carrier Corporation, appellee.

___ N.W.2d ___

Filed March 25, 2022.    No. S-21-530.

1. **Workers' Compensation: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2021), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. **Workers' Compensation: Statutes: Appeal and Error.** The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.

3. **Workers' Compensation: Appeal and Error.** In light of the beneficent purpose of the Nebraska Workers' Compensation Act, the appellate courts have consistently given the act a liberal construction to carry out justly the spirit of the act.

4. **Workers' Compensation: Judgments: Time: Appeal and Error.** Subject to the power of the Nebraska Workers' Compensation Court to modify or change its findings, order, award, or judgment before appeal and within 14 days after the date of such findings, order, award, or judgment, every order and award of the compensation court becomes conclusive and final unless an appeal has been filed within 30 days after the date of entry of the order or award.

5. **Workers' Compensation: Jurisdiction: Statutes.** The Nebraska Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute, and its power cannot extend beyond that expressed in the statute.

6. **Workers' Compensation: Statutes.** The Nebraska Workers' Compensation Court cannot modify an award unless it is statutorily authorized to do so.

7. **Workers' Compensation.** Pursuant to Neb. Rev. Stat. § 48-162.01(7) (Reissue 2021), where a prior award of the Nebraska Workers' Compensation Court has provided medical or physical rehabilitation services, the compensation court may modify the award of such services to the extent the court finds such modification necessary in order to accomplish the goal of restoring the injured employee to gainful and suitable employment, or otherwise required in the interest of justice.

8. **Statutes: Appeal and Error.** An appellate court is not at liberty to add language to the plain terms of a statute to restrict its meaning.

9. **Actions: Appeal and Error.** The law-of-the-case doctrine reflects the principle that an issue that has been litigated and decided in one stage of a case should not be relitigated at a later stage.

10. ____: ____. The law-of-the-case doctrine promotes judicial efficiency and protects parties' settled expectations by preventing parties from relitigating settled issues within a single action.

11. **Appeal and Error.** Generally, absent extraordinary circumstances, a court should be reluctant to revisit its own prior decision or that of another court in a single case.

12. **Waiver: Appeal and Error.** Under the mandate branch of the law-of-the-case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.

13. ____: ____. An issue is not considered waived under the mandate branch of the law-of-the-case doctrine if a party did not have both an opportunity and an incentive to raise it in a previous appeal.

14. **Workers' Compensation: Appeal and Error.** On appellate review, the factual findings made by the trial judge of the Nebraska Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong.

Appeal from the Workers' Compensation Court: JOHN R. HOFFERT, Judge. Reversed and remanded for further proceedings.

Brynne Holsten Puhl and Emily T. Newcomb, Senior Certified Law Student, of Atwood, Holsten, Brown, Deaver, Spier & Israel Law Firm, P.C., L.L.O.

Brenda S. Spilker and Micah C. Hawker-Boehnke, of Baylor Evnen, L.L.P., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, FUNKE, PAPIK, and FREUDENBERG, JJ., and MARTINEZ, District Judge.

CASSEL, J.

## I. INTRODUCTION

After obtaining a workers' compensation award granting medical rehabilitation services for his lumbar back, James R. Spratt sought modification to provide such services for his thoracic back. The compensation court refused—holding that it lacked statutory authority to do so and that even if the statute permitted modification, a principle of finality precluded that relief. Spratt appeals—relying now upon Neb. Rev. Stat. § 48-162.01(7) (Reissue 2021). Because the court erred in both respects, we reverse, and remand for further proceedings.

## II. BACKGROUND

We divide the background section into three parts. First, we recount Spratt's back injury and his initial medical treatment. We then set forth the Nebraska Workers' Compensation Court's proceedings leading to the original award of medical rehabilitation services for his lumbar back. Finally, we turn to the crux of the instant appeal—Spratt's request that the compensation court modify the original award to treat his thoracic back.

### 1. INJURY AND INITIAL TREATMENT

In November 2016, Spratt injured his back while working as a commercial truckdriver for Crete Carrier Corporation (Crete). Spratt reported severe pain and muscle spasms in his thoracic and lumbar back.

Spratt was initially diagnosed with a thoracic strain, prescribed medication, and referred to physical therapy. Spratt could not continue to work as a commercial truckdriver, because he could not drive for an extended period of time.

Spratt's back pain and spasms persisted for months after the injury, so he sought treatment from Dr. Michael Gilmore in May 2017. Gilmore diagnosed Spratt with spondylosis without myelopathy or radiculopathy of the lumbosacral region and pain in the thoracic spine. Gilmore later modified Spratt's diagnosis to be lumbar facet capsulitis.

Crete requested that Spratt receive a second opinion by Dr. D. Kevin Donahoe. Upon examination, Donahoe diagnosed Spratt with a thoracic and lumbar strain, which "should be [sic] resolved since date of injury."

## 2. ORIGINAL AWARD

Spratt filed a petition in April 2018 with the compensation court, seeking treatment for his injuries. The compensation court held a trial on Spratt's petition in May 2019.

At the trial, Spratt testified and the parties offered Spratt's medical records into evidence. Spratt detailed his medical treatment regarding his injury. Spratt explained that he was still suffering from back pain and spasms—years after his injury. Finally, Spratt confirmed that his symptoms still prevented him from being able to work.

From Spratt's medical records, the parties offered medical reports drafted by Gilmore and Donahoe. Both doctors diagnosed Spratt with a thoracic strain that had since resolved without any evidence of permanency. Donahoe offered no further discussion regarding Spratt's ongoing pain. However, Gilmore opined that Spratt's pain continued because of lumbar facet capsulitis.

In June 2019, the compensation court awarded temporary benefits to Spratt in order for him to reach maximum medical improvement (MMI). Adopting portions of Gilmore's and Donahoe's reports, the compensation court found that Spratt suffered a temporary thoracic strain and that he exacerbated his preexisting lumbar facets. However, the compensation court concluded that Spratt's thoracic strain had resolved and that therefore, the only medical rehabilitation services that Spratt

needed to reach MMI would be for treatment of his lumbar back injury. Spratt did not appeal from the original award.

### 3. Request for Modification

In accordance with the original award, Gilmore treated Spratt's lumbar back. But 6 weeks after the issuance of the original award, Gilmore sought permission to treat Spratt's thoracic back pain and herniated thoracic disk. Crete refused to pay for the treatment, because it was not pursuant to the original award.

In November 2020, Gilmore concluded that Spratt had reached MMI for his lumbar back injury, but noted that Spratt still suffered from back pain. Gilmore opined that Spratt suffered a thoracic back injury during the original accident and that Spratt's lumbar back pain was being "generat[ed]" from his thoracic back.

Citing Gilmore's conclusion that Spratt had reached MMI, Crete moved for modification to close the open award for temporary benefits and ongoing medical benefits. Spratt responded by requesting the compensation court modify the original award so that he may receive thoracic back treatment.

Although Spratt "admit[ted]" at oral arguments that he did not bring a workers' compensation statute authorizing his request for modification to the compensation court's attention, he argued that he did not do so, because he did not anticipate that the court would believe it lacked authority. On appeal, Crete does not dispute that § 48-162.01(7), as a source of statutory authority, is properly before us. In pertinent part, that statute states:

> The compensation court or judge thereof may also modify a previous finding, order, award, or judgment relating to physical, medical, or vocational rehabilitation services as necessary in order to accomplish the goal of restoring the injured employee to gainful and suitable employment, or as otherwise required in the interest of justice.[1]

---

[1] § 48-162.01(7).

At the modification hearing below, the parties first stipulated that Spratt had reached MMI in his lumbar back. Spratt then asserted that Gilmore made a mistake in the lumbar back diagnosis that he provided the compensation court. Spratt presented a letter from Gilmore dated February 2021 opining that Spratt suffered a thoracic back injury and needed corresponding treatment. Spratt also testified that he was still suffering from back pain and could not work.

The compensation court declined Spratt's request for modification and found that he had reached MMI "for his low [sic] back injury with no resulting permanent disability nor need for further medical treatment." However, the court did not reach the merits of Spratt's request for modification. Citing *Dougherty v. Swift-Eckrich*,[2] the compensation court concluded that § 48-162.01(7) did not provide it with the "power to modify, amend[,] or reopen" the original award. The court further determined that even if a statutory basis existed, Spratt was "foreclosed from re-litigating the issue concerning the nature and extent of his thoracic injury."

Spratt filed a timely appeal and petitioned this court to bypass the Nebraska Court of Appeals. Of the grounds for bypass specified by statute,[3] Spratt's petition asserted only the existence of a "novel legal question."[4] Crete's response disputed that the appeal presented a novel legal question, but did not complain that § 48-162.01(7) was not raised below. On that basis, we granted bypass.

### III. ASSIGNMENTS OF ERROR

Spratt assigns, restated, that the compensation court erred in (1) finding that it did not have the statutory authority to

---

[2] *Dougherty v. Swift-Eckrich*, 251 Neb. 333, 557 N.W.2d 31 (1996) (superseded by statute as stated in *Hofferber v. Hastings Utilities*, 282 Neb. 215, 803 N.W.2d 1 (2011)).

[3] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2020).

[4] § 24-1106(2)(a).

modify the original award to treat his thoracic back, (2) finding that issue preclusion barred the modification, (3) applying "any preclusion doctrine," (4) not finding that Gilmore's misdiagnosis of his injury did not bar the modification, and (5) failing to apply the "unreasonable" standard set forth in *Williams v. Dobberstein*.[5]

## IV. STANDARD OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2021), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[6]

[2] The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[7]

## V. ANALYSIS

Here, our review is limited. No appeal was taken from the original award. Thus, unless the workers' compensation statutes provide a basis for modification, Spratt cannot prevail.

While, as Spratt essentially conceded at oral argument, he did not specifically mention § 48-162.01(7) in his modification pleading or in the hearing below, the compensation court clearly understood that the question of the statutory basis for Spratt's requested relief was before it. Over several pages of a thoroughly written decision, the court discussed its perception that a statutory basis was lacking and the case of this

[5] *Williams v. Dobberstein*, 182 Neb. 862, 157 N.W.2d 776 (1968).

[6] *Boring v. Zoetis LLC*, 309 Neb. 270, 959 N.W.2d 795 (2021).

[7] *Herrington v. P.R. Ventures*, 279 Neb. 754, 781 N.W.2d 196 (2010).

court upon which it primarily relied. We will turn to that case later.

We have said that appellate courts do not consider arguments and theories raised for the first time on appeal.[8] We have stated the same rule using a slightly different articulation: An appellate court will not consider an argument or theory that is raised for the first time on appeal.[9] But we have also stated that when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.[10] This rationale focuses on the submission of an issue.

But here, the compensation court was presented with the issue of its statutory authority. Spratt could have provided greater assistance to the court by citing § 48-162.01(7). But the compensation court operates exclusively in the realm of workers' compensation law. We do not view the absent citation below as an attempt to induce error or to gamble on a favorable result.[11]

Our analysis of the issues presented on appeal begins by noting competing general principles, and then turns to the two questions directly addressed by the compensation court. Did the court have statutory authority to modify the original award to treat Spratt's thoracic back? And, was modification precluded by a principle of finality?

### 1. Two Competing Principles

This case highlights two competing general principles regarding the Nebraska Workers' Compensation Act: (1) liberal statutory interpretation and (2) finality.

---

[8] *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020).

[9] *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021).

[10] *Id.*

[11] See *id.*

[3] In light of the beneficent purpose of the act, the appellate courts have consistently given it a liberal construction to carry out justly the spirit of the act.[12] In doing so, we follow a principle which first used the words "beneficent" and "liberal" in 1932.[13] However, the idea can be traced back over a century.[14] It arose shortly after the adoption of the foundational statutory section.[15]

But our workers' compensation statutes also employ equally ancient principles of finality. One statute, closely following the form of its original enactment in 1913,[16] states in part, "All awards of compensation made by the compensation court, except those amounts payable periodically, shall be final and not subject to readjustment."[17]

Another statute, Neb. Rev. Stat. § 48-170 (Reissue 2021), more directly employs the principle of finality. It states, "Every order and award of the [compensation court] shall be binding upon each party at interest unless an appeal has been filed with the compensation court within thirty days after the date of entry of the order or award."[18] The essence of this language is found in its original 1917 version.[19] Thus, we held in 1933 that an order denying compensation, except insofar as modified by the express terms of the act, was an

---

[12] *Cleaver-Brooks, Inc. v. Twin City Fire Ins. Co.*, 291 Neb. 278, 865 N.W.2d 105 (2015) (internal quotation marks omitted).

[13] See *Maryland Casualty Co. v. Geary*, 123 Neb. 851, 244 N.W. 797 (1932).

[14] See *Parson v. Murphy*, 101 Neb. 542, 163 N.W. 847 (1917), *overruled in part on other grounds, Meyer v. Nielsen Chevrolet Co.*, 137 Neb. 6, 287 N.W. 849 (1939).

[15] See, Neb. Rev. Stat. § 48-101 (Reissue 2021); 1913 Neb. Laws, ch. 198, § 1, p. 579.

[16] See 1913 Neb. Laws, ch. 198, § 41, p. 597.

[17] Neb. Rev. Stat. § 48-140 (Reissue 2021).

[18] § 48-170.

[19] See 1917 Neb. Laws, ch. 85, § 29, p. 222.

absolute bar to a subsequent action based upon the same cause of action.[20]

[4] We recognize that yet another statute[21] provides a 14-day window for modification of an award and that the language of § 48-170 was amended at the time three-judge review panels were eliminated in 2011.[22] Thus, a rule of law we articulated in 2002[23] and another stated in 1997[24] must be restated in light of the current statutes: Subject to the power of the Nebraska Workers' Compensation Court to modify or change its findings, order, award, or judgment before appeal and within 14 days after the date of such findings, order, award, or judgment, every order and award of the compensation court becomes conclusive and final unless an appeal has been filed within 30 days after the date of entry of the order or award.[25] The Legislature's repeated use of temporal limitations emphasizes the importance of finality in workers' compensation cases.

These principles are reflected in the parties' arguments here. Spratt encourages this court to liberally interpret the act to allow the modification of the original award. Crete seeks for this court to uphold a principle of finality to bar modification.

Recognizing the tension between these principles of liberal statutory interpretation and finality, we turn to Spratt's assignments of error.

## 2. STATUTORY AUTHORITY

Spratt first assigns that the compensation court erred in finding that it did not have the statutory authority to modify the

---

[20] See *Gray v. Burdin*, 125 Neb. 547, 250 N.W. 907 (1933).

[21] Neb. Rev. Stat. § 48-180 (Reissue 2021).

[22] See 2011 Neb. Laws, L.B. 151, § 7.

[23] See *Lopez v. IBP, Inc.*, 264 Neb. 273, 646 N.W.2d 628 (2002).

[24] See *Thach v. Quality Pork International*, 253 Neb. 544, 570 N.W.2d 830 (1997).

[25] See §§ 48-170 and 48-180.

original award to treat Spratt's thoracic back. Spratt asserts that the compensation court improperly relied on *Dougherty v. Swift-Eckrich*[26] and that § 48-162.01(7) authorized the compensation court to modify the original award.

[5,6] The compensation court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute,[27] and its power cannot extend beyond that expressed in the statute.[28] Accordingly, the compensation court cannot modify an award unless it is statutorily authorized to do so.[29]

### (a) *Dougherty v. Swift-Eckrich*

Spratt argues that the compensation court's reliance on *Dougherty v. Swift-Eckrich* was improper, because it was abrogated by a statutory change to Neb. Rev. Stat. § 48-162.01(6) (Reissue 1998).[30] We agree.

In *Dougherty v. Swift-Eckrich*, this court found that the compensation court did not have the statutory authority to modify an award to fix a clerical mistake.[31] The compensation court mistakenly awarded vocational rehabilitation services based upon a quarter-based academic calendar instead of a semester-based academic calendar, which the injured employee's educational institution used.[32] We explained that the act did not empower the compensation court to modify a previous award.[33]

---

[26] *Dougherty v. Swift-Eckrich, supra* note 2.

[27] *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984).

[28] See *Hofferber v. Hastings Utilities, supra* note 2.

[29] See, *id*; *Dougherty v. Swift-Eckrich, supra* note 2. See, also, e.g., Neb. Rev. Stat. § 48-141 (Reissue 2021).

[30] See, *Dougherty v. Swift-Eckrich, supra* note 2; 1997 Neb. Laws, L.B. 128, § 4.

[31] See *Dougherty v. Swift-Eckrich, supra* note 2.

[32] See *id.*

[33] See *id.*

The Legislature responded to *Dougherty v. Swift-Eckrich* by adding language, first codified in § 48-162.01(6), to allow the compensation court to modify a previous award for physical, medical, or vocational rehabilitation services.[34] The Legislature explained that this language was added to ensure the compensation court may modify an award "for the purpose of restoring the employee to gainful and suitable employment or as otherwise required in the interest of justice. This change [was] sought as a result of [*Dougherty v. Swift-Eckrich*]."[35] Later legislation moved the language to subsection (7).[36]

Crete does not dispute that *Dougherty v. Swift-Eckrich* was abrogated by a statutory change. Referring to that decision, we have said that "the Legislature amended § 48-162.01(7) to permit the [compensation court] to modify previously awarded physical, medical, or vocational rehabilitation services."[37]

Instead, Crete argues that the compensation court's reliance on the abrogated case is insignificant, because the compensation court nonetheless lacked statutory authority to modify the original award to treat Spratt's thoracic back. It relies upon the familiar principle that a proper result will not be reversed merely because it was reached for the wrong reasons.[38] Thus, our resolution of this assignment of error turns upon the extent of authority conferred by § 48-162.01(7) (Reissue 2021).

### (b) § 48-162.01(7)

Spratt asserts that the same statutory language that abrogated *Dougherty v. Swift-Eckrich*—now codified in

---

[34] See 1997 Neb. Laws, L.B. 128, § 4.

[35] Introducer's Statement of Intent, L.B. 128, Committee on Business and Labor, 95th Leg., 1st Sess. (Jan. 27, 1997). See, 1997 Neb. Laws, L.B. 128, § 4; *Dougherty v. Swift-Eckrich, supra* note 2.

[36] See 2000 Neb. Laws, L.B. 1221, § 11.

[37] *Hofferber v. Hastings Utilities, supra* note 2, 282 Neb. at 233-34, 803 N.W.2d at 14.

[38] See *Thornton v. Grand Island Contract Carriers*, 262 Neb. 740, 634 N.W.2d 794 (2001).

§ 48-162.01(7)—also authorized the compensation court to modify the original award to treat his thoracic back.[39] As we have already quoted above, § 48-162.01(7) states in pertinent part:

> The compensation court or judge thereof may also modify a previous finding, order, award, or judgment relating to physical, medical, or vocational rehabilitation services as necessary in order to accomplish the goal of restoring the injured employee to gainful and suitable employment, or as otherwise required in the interest of justice.

Spratt's argument relies solely on this quoted language. At oral argument, Spratt correctly conceded that the compensation court could not modify the original award under § 48-141 and that his alleged thoracic back injury was not a compensable consequence of his lumbar back injury.

Crete argues that § 48-162.01(7) was inapplicable to Spratt's request for modification and encourages us to adopt and apply the Court of Appeals' decision in *McKay v. Hershey Food Corp.*[40] There, an injured employee sought modification of a prior award by the compensation court in order to obtain vocational rehabilitation services. However, the prior award had not included vocational rehabilitation services. Consequently, the Court of Appeals found that the compensation court did not have the statutory authority to modify the award to include vocational rehabilitation services, because it would be awarding a new category of services. The Court of Appeals concluded that the addition to § 48-162.01(7) "contemplates a modification of services previously granted and does not provide for a modification of a final order to grant entirely new services or benefits."[41]

---

[39] See *Dougherty v. Swift-Eckrich, supra* note 2.

[40] *McKay v. Hershey Food Corp.*, 16 Neb. App. 79, 740 N.W.2d 378 (2007).

[41] See *id.* at 88, 740 N.W.2d at 386.

Crete analogizes Spratt's request to the modification sought in *McKay v. Hershey Food Corp.* Crete asserts that if the compensation court had modified the original award to treat Spratt's thoracic back, it would have wrongfully awarded Spratt new rehabilitation services—as distinguished from modifying previous services.

We are not persuaded by Crete's interpretation of § 48-162.01(7). First, *McKay v. Hershey Food Corp.* is distinguishable from the instant appeal. Spratt does not request that the compensation court award him a new category of services. Instead, Spratt seeks modification of medical rehabilitation services that the compensation court had already awarded him.

In 1969,[42] the Legislature first expressed a goal, as the section now reads, "One of the primary purposes of the Nebraska Workers' Compensation Act is restoration of the injured employee to gainful employment."[43] During the legislative proceedings in 1969, a compensation court judge explained that "there is a difference between physical or medical rehabilitation and vocational rehabilitation."[44] The legislation, the judge explained, "reinforces the distinction between physical and medical rehabilitation and vocational rehabilitation."[45] The language of the original codification discussed both categories in subsection (3).[46] In 2005, § 48-162.01 was restructured to retain the entitlement to vocational rehabilitation in subsection (3) and to place the entitlement to physical and medical rehabilitation in subsection (6).[47] The power to modify

---

[42] See 1969 Neb. Laws, ch. 388, § 1, p. 1357.

[43] § 48-162.01(1).

[44] Labor Committee Hearing, ch. 388, § 1, p. 1357, 80th Leg., 1st Sess. 3 (Feb. 12, 1969).

[45] *Id.*

[46] See § 48-162.01(3) (Reissue 1974).

[47] See, 2005 Neb. Laws, L.B. 13, § 19; § 48-162.01 (Reissue 2021).

remained codified in subsection (7).[48] Thus, the Legislature has clarified its language to carry out its original goal of maintaining the distinction between the two types of rehabilitation services: (1) medical and physical and (2) vocational. In *McKay v. Hershey Food Corp.*, the injured worker sought modification to add vocational rehabilitation where none had been originally awarded. Here, Spratt seeks modification of the extent of medical and physical rehabilitation provided by the original award.

Further, Crete's argument is counterintuitive. In essence, Crete argues that the compensation court cannot modify an award to include any medical rehabilitation services that were not specifically included in the prior award, regardless of how similar the services were to those awarded in the prior award. Under this rationale, the compensation court would be incentivized to broadly include all hypothetical medical rehabilitation services (no matter how redundant or speculative) in order to ensure it can modify the award later if necessary.

[7] Accordingly, we conclude that pursuant to § 48-162.01(7), where a prior award of the compensation court has provided medical or physical rehabilitation services, the compensation court may modify the award of such services to the extent the court finds such modification necessary in order to accomplish the goal of restoring the injured employee to gainful and suitable employment, or otherwise required in the interest of justice. Thus, the compensation court erred in its legal conclusion that it lacked the power to modify the original award to treat Spratt's thoracic back.

[8] We recognize that in adopting this language in § 48-162.01(7), the Legislature did not place a temporal limitation on the compensation court's power to modify. An appellate court is not at liberty to add language to the plain terms of a statute to restrict its meaning. If a time limitation is to apply, it is up to the Legislature to impose one.

---

[48] See *id.*

### 3. Preclusion

We next address whether Spratt's request that the compensation court modify the original award is precluded as a matter of law. Spratt's final four assignments of error assert that the entire gambit of preclusion doctrines—claim preclusion, issue preclusion, and the law-of-the-case doctrine—did not bar his request. Spratt also uses the terms "collateral estoppel" and "res judicata," but they are duplicative.[49] In the past, this court has referred to claim preclusion and issue preclusion, respectively, as res judicata and collateral estoppel.[50] We have since moved away from that terminology and now utilize the terms "claim preclusion" and "issue preclusion."[51]

The compensation court relied upon issue preclusion. Crete concedes that issue preclusion does not apply here. Instead, it relies upon the law-of-the-case doctrine.

Of the three preclusion doctrines, only the law-of-the-case doctrine may apply. As Crete submits in its brief, claim and issue preclusion are inapplicable to the instant appeal. Claim and issue preclusion are only applicable to matters raised in subsequent actions.[52] Here, there was no subsequent action. Spratt's request for modification arose in the same action as the original award.[53] Therefore, this court need only address whether the law-of-the-case doctrine precluded Spratt's request.

[9-11] The law-of-the-case doctrine reflects the principle that an issue that has been litigated and decided in one stage of a case should not be relitigated at a later stage.[54] The law-of-the-case doctrine promotes judicial efficiency and protects parties' settled expectations by preventing parties from

---

[49] See *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014).

[50] See *id.*

[51] See *id.*

[52] See *id.*

[53] See § 48-141.

[54] *County of Sarpy v. City of Gretna*, 276 Neb. 520, 755 N.W.2d 376 (2008).

relitigating settled issues within a single action.[55] Generally, absent extraordinary circumstances, a court should be reluctant to revisit its own prior decision or that of another court in a single case.[56]

[12,13] Under the mandate branch of the law-of-the-case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.[57] However, an issue is not considered waived if a party did not have both an opportunity and an incentive to raise it in a previous appeal.[58]

We conclude that the law-of-the-case doctrine does not bar the modification of the original award. Spratt did not have an incentive to appeal from the original award. The doctors' medical diagnoses of Spratt's injuries aligned with the medical rehabilitation services given under the original award. Spratt reasonably believed that he would receive the treatment necessary to rehabilitate his back. Spratt discovered that the awarded services were insufficient only after the time had lapsed to appeal from the original award. Prior to that discovery, Spratt had no purpose in appealing from the original award.

[14] We emphasize that nothing in this opinion should be read to suggest how the compensation court should exercise its power pursuant to § 48-162.01(7), or to limit or preclude the court in making findings of fact. We have long said that on appellate review, the factual findings made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong.[59]

---

[55] *Id.*

[56] *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008).

[57] *County of Sarpy v. City of Gretna, supra* note 54.

[58] See *id.*

[59] *Lewis v. MBC Constr. Co.*, 309 Neb. 726, 962 N.W.2d 359 (2021).

## VI. CONCLUSION

The compensation court had authority pursuant to § 48-162.01(7) to modify the original award, and modification was not precluded by the law-of-the-case doctrine. Because the compensation court erred in finding to the contrary, we reverse its ruling and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.

Stacy, J., not participating.